## MORNING JOURNAL ASS'N v. SMITH.

(Circuit Court of Appeals, Second Circuit. July 20, 1892.)

### No. 79.

STATE STATUTES AS RULES OF DECISION—ACTION BY MARRIED WOMAN.

The provision of Code Civil Proc. N. Y. § 450, that the husband shall not be a necessary or proper party to an action for damages to the person, estate, or character of his wife, being, under Rev. St. § 721, a rule of decision in trials at common law in the United States courts held in the state of New York, applies to an action brought in such a court by an alien married woman against a corporation of the state for libel, and she need not join her husband, nor sue by prochein ami.

In Error to the Circuit Court of the United States for the Southern District of New York.

At Law. Action by Juliette C. Smith against the Morning Journal Association for libel. Defendant demurred to the complaint. The demurrer was overruled. Defendant brings error. Affirmed.

John R. Dos Passos, (Dos Passos Bros., on the brief,) for plaintiff in error.

George F. Harriman, (Harriman & Fessenden, on the brief,) for defendant in error.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. This is a writ of error from an order of the circuit court for the southern district of New York, which over-

ruled the defendant's demurrer to the plaintiff's complaint. The plaintiff, a married woman, and subject of Great Britain, brought in the United States circuit court an action for libel against the defendant, a corporation of the state of New York. The statute of the state of New York (Code Civil Proc. § 450) provides that the husband is not a necessary or proper party to an action to recover damages to the person, estate, or character of his wife, and all sums that may be recovered in such actions shall be the separate property of the wife. The defendant's point upon the demurrer is that an alien married woman cannot maintain an action at common law in the United States circuit court for either of the districts of New York without joining her husband, or suing by her prochein ami. It may be remarked that upon the face of the complaint it does not appear that the husband of the complainant was living when the suit was commenced, but we do not place a decision upon that ground, because we are of opinion that an averment that the complainant was a married woman would not create a defect of parties. Section 721 of the United States Revised Statutes provides as follows:

"The laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision, in trials at common law, in the courts of the United States, in cases where they apply."

The New York statute is applicable to any married woman, whether alien or citizen, who becomes a plaintiff in the courts of that state. Such statutory modifications of the common law in regard to the rights of husband and wife as plaintiffs in actions at law in the courts of a state are applicable also in the United States courts for such state, if not inconsistent with the laws of the United States, or with the duties which belong to its judges and courts, and the powers with which they are clothed. This state statute is applicable in actions at common law in the courts of the United States held within the state of New York.

The order of the circuit court is affirmed.