### CITY OF EVANSVILLE v. WOODBURY et al.

(Circuit Court of Appeals, Seventh Circuit. February 9, 1894.)

#### No. 37.

MUNICIPAL CORPORATION—POWER TO ISSUE BONDS.

Under Act Ind. 1847, incorporating the city of Evansville, and authorizing the city "to borrow money for the use of the city," the city has power to issue bonds for money so borrowed. Railroad Co. v. Evansville, 15 Ind. 395, followed.

In Error to the Circuit Court of the United States for the District of Indiana.

Action by Theodore C. Woodbury and others against the city of Evansville upon interest coupons. Plaintiffs obtained judgment. Defendant brings error.

The defendants in error brought two actions against the city of Evansville upon certain coupons taken from purported bonds of said city. Demurrers to the complaints were overruled, and the defendant below answered in seven paragraphs, consisting of general denial, allegations of want of au-

thority to issue the bonds, and nonconformity with certain general funding acts of the legislature, and denial of the plaintiffs' ownership. Demurrers were sustained to the paragraphs of the answers except those of denial. By agreement of the parties, the actions were consolidated, and submitted to the court for trial, and findings and judgment were thereupon in favor of the plaintiffs below. The bonds in question are each denominated "redemption bond," are negotiable in form, recite the issue under resolution of the common council of date stated, and as under and by virtue of the powers delegated by section 30 of the act of January 27, 1847, incorporating said city, and state the purposes of their issue. They are of several series and dates, and further recite authority and purpose as follows, respectively: (1) Of April 1, 1876, under resolution adopted December 14, 1875, series of $300,000 to redeem $300,000 "local improvement bonds;" (2) of February 1, 1881, under resolution adopted January 24, 1881, series of $100,000 to redeem $100,000 "of said city's bonds now outstanding;" (3) of April 15, 1878, under resolution adopted March 25, 1878, series $100,000 to redeem $100,000 "of bonds of said city;" (4) of June 1, 1877, under resolution adopted April 6, 1877, series of $100,000 to redeem $100,000 "of the bonds of said city." The defendants in error are bona fide holders of the coupons in suit.

George A. Cunningham, for plaintiff in error.

A. W. Hatch and George A. Sanders, for defendants in error.

Before JENKINS, Circuit Judge, and BAKER and SEAMAN, District Judges.

SEAMAN, District Judge (after stating the facts). There are several assignments of error, but the only points made by them are— First, that there is no power vested in the common council by the charter for the issue of either series of bonds; and, second, that the conditions of the indebtedness for which they were issued were not within certain general funding statutes of Indiana, and certain requirements of these statutes were not complied with. The bonds do not refer to the funding acts, and do not appear to have been issued under them, and upon the view here taken this second point is not material. The authority for the issue is rested upon section 30 of the act of 1847, incorporating the city of Evansville, and all argument in behalf of the plaintiff in error is directed against its existence in that section. Section 30 confers upon the common council the control and management of the finances and property of the city, and power to make ordinances, rules, and regulations for certain purposes, and on subjects enumerated in a number of clauses, among which are (clause 40) to take stock in any chartered company for making roads to said city, etc., and, where stock is taken, "to borrow money and levy and collect a tax for payment of such stock;" (clause 41) "to borrow money for the use of the city of Evansville." The question of the power conferred by this identical section of the charter was before the supreme court of Indiana, and a decision rendered, in 1860, prior to all the issues of bonds here in controversy, and is found in Railroad Co. v. Evansville, 15 Ind. 395. It arose out of bonds issued to pay for subscription to stock of a railroad. Construing the grant of power "to borrow money" for such payment, contained in the above-cited fortieth clause, that court held as follows:

"The city was expressly authorized to borrow money to pay for the stock subscribed. The power to borrow money necessarily implies the power to

determine the time of payment, and also the power to issue bonds or other evidences of the indebtedness."

The opinion then adopts the following expression from Slack v. Railroad Co., 13 B. Mon. 1, viz.:

"Moreover, the first act under which the debt was created gave full power to the county court to provide for its payment either by taxation or by borrowing the money, which of course implied the power, as it did the necessity, of furnishing some evidence of indebtedness; and the court might doubtless have issued the bonds of the county, in some form, to the lender."

It was the fortieth clause of this section which was there construed, while the power to issue the bonds here presented must be found in the forty-first clause. The language is the same in each, authorizing "to borrow money;" in the one to pay for subscription, and in the other "for the use of the city." There can be no difference in the rule to be applied. The interpretation is of the statutory language, and must be held equally applicable to both clauses. A competent judicial construction of a statute enters into and becomes a part of it, as though it had been written in, so far, at least, as contract rights accruing under it are concerned. Douglass v. County of Pike, 101 U. S. 677; Suth. St. Const. § 319. The borrowing of money to pay outstanding indebtedness of the city was clearly a borrowing for the use of the city; and, if this ruling of the highest court of the state must govern here, the power to issue the bonds is well shown. That decision appears to have remained undisturbed, and is in accord with the doctrine constantly held by that court. Dill. Mun. Corp. § 119. It is worthy of note that the supreme court of the United States held directly the same construction upon a grant of power "to borrow money for any public purpose" in Rogers v. Burlington, 3 Wall. 654, and Mitchell v. Burlington, 4 Wall. 270. These decisions were five and six years after that in Indiana; and, although they appear to have been overruled in recent years, they would constitute some justification, if any were needed, for reliance by purchasers upon the Indiana interpretation. The federal courts have maintained a rule from their organization that in all cases depending upon a state statute they will adopt and follow the adjudications of the court of last resort in the state in its construction, when that construction is well settled, and without inquiry as to its original soundness. This rule is founded upon respect for property rights, as well as of comity, and had its early expression by Chief Justice Marshall, and has been upheld by an unbroken line of decisions. Polk's Lessee v. Wendal, 9 Cranch, 87; Nesmith v. Sheldon, 7 How. 812; Fairfield v. County of Gallatin, 100 U. S. 47; Douglass v. County of Pike, 101 U. S. 677. Therefore, the recent decisions in Merrill v. Monticello, 138 U. S. 673, 11 Sup. Ct. 441, and Brenham v. Bank, 144 U. S. 173, 12 Sup. Ct. 559, cited in behalf of plaintiff in error as decisive, are not applicable. The rights of the holders of these bonds accrued under the previous interpretations by the Indiana courts; and, while these cases in the supreme court establish a rule for original construction, they do not govern as to the bonds in suit. The judgment below is affirmed.