BUFORD v. KERR.

(Circuit Court, W. D. Missouri, W. D. March 17, 1898.)

1. COURTS—FOLLOWING STATE COURTS.

Where the supreme court of Missouri held that an estate passed by a will is a statutory estate, and that the effort of the testator to further control the estate was in contravention of the statutes of Missouri, the federal court will follow such decision.

2. ADVERSE POSSESSION—LIMITATION OF ACTIONS.

In Missouri, a defendant who has held open, notorious, exclusive, continuous, and adverse possession for more than 10 years after the plaintiff became of age is held to have acquired title by virtue of the statute of limitations.

86 F.—7

O. A. Lucas and C. F. Moulton, for plaintiff.

Geo. W. Warder and Fyke, Yates & Fyke, for defendant.

ROGERS, District Judge.    I have not the time, nor do I see that it would be profitable, to write an opinion in this case.    It is admitted by counsel that the question raised in this case is the same as that raised in Brown v. Rogers, 125 Mo. 392, 28 S. W. 630.    On argument it was insisted by the plaintiff that the supreme court of Missouri in that case erred in not holding that the will of Jacob Johnson created an executory devise; and it is further insisted that this court is not bound by the decision of the supreme court of Missouri in Brown v. Rogers, supra, but should disregard the same, and hold that the will created an executory devise.    The question presented is not what was the intention of the testator, Jacob Johnson.    The supreme court of Missouri, in Brown v. Rogers, supra, say:

"There can be no doubt that the testator, by the final paragraph of the will, intended, in case of a failure of issue to any of the devisees, to have the estate pass to the other devisees, and the heirs of their bodies; having in view the purpose of finally vesting the entire estate in the grandchildren.    The intention of the testator is very clear."

In this statement I concur.    There is therefore no difference of opinion as to what the testator, Jacob Johnson, intended by his will. The real question, therefore, presented before the supreme court of Missouri in Brown v. Rogers, supra, was, what effect did the statute of Missouri of 1845, quoted on pages 398, 399, 125 Mo., and page 631, 28 S. W. (of Brown v. Rogers, supra), have upon the will of Jacob Johnson; or, to state it in another form, in construing the will, how had the statute modified the common law?    The court said:

"There can be no doubt that each separate paragraph of the will which makes devises to the daughters of the testator created, as it would have been under the English statutes of entails, an estate in fee tail."

And I do not understand that the conclusion of the court thus reached, based upon the separate paragraphs, as it is above stated, is combated by plaintiff's counsel.    Continuing, the court say:

"If there had been no other provision of the will, the statute of this state concerning entails, in force at the death of the testator, would have immediately converted the estate into one for life only in the devisee, with remainder in fee to her children; and, in the event of such devisee dying without issue, the remainder would have passed to, and been vested in, the heirs of such devisee."

Further on, referring to the statute of 1845, they say:

"Under this statute, where the attempt is made to create an estate tail the estate is immediately converted to one created by the statute, under which the entire estate passes to the grantee or devisee for life, with remainder in fee simple to his or her heirs."

The character of estate, therefore, created by the separate paragraphs of the will, is that described in the foregoing paragraph.    In short, it is a statutory estate to each devisee for life, with remainder in fee simple to her heirs, not to the heirs of her body, as designated in the will.

They then say:

"The attempt of the testator by the final paragraph of the will to follow up the estate tail, first created, with a succession of others limited upon cross re-

mainders, with a view that ultimately his entire estate should vest in his grand-children, is in direct contravention of the clearly-expressed intention of the stat-. ute. The intention of the legislature must prevail over that of the testator."

We see, therefore, that the supreme court of Missouri have distinctly held that the estate passed by the separate paragraphs of the will is a statutory estate, and they describe its nature and character, and that the effort upon the part of the testator to further control the estate was in contravention of the statutes of Missouri, as construed by its court of last resort. This court is asked to place another and different construction upon that statute. To do so, we think, is in direct conflict with an unbroken line of authorities which control this court. Travellers' Ins. Co. v. Township of Oswego, 19 U. S. App. 321, 7 C. C. A. 669, and 59 Fed. 58; Madden v. Lancaster Co., 65 Fed. 188; Brown v. Furniture Co., 16 U. S. App. 221, 7 C. C. A. 225, and 58 Fed. 286; McElvaine v. Brush, 142 U. S. 155, 12 Sup. Ct. 156; Sanford v. Poe, 37 U. S. App. 378, 16 C. C. A. 305, and 69 Fed. 546; Association v. Smith, 1 U. S. App. 270, 4 C. C. A. 8, and 56 Fed. 141; Evansville v. Woodbury, 18 U. S. App. 515, 9 C. C. A. 244, and 60 Fed. 718; Marbury v. Tod, 22 U. S. App. 267, 10 C. C. A. 393, and 62 Fed. 335; Railway Co. v. Hogan, 27 U. S. App. 184, 11 C. C. A. 51, and 63 Fed. 102.

The supreme court of Missouri further say:

"The statute operating upon the will vested a life estate in the devisees, Clarinda and Mary Jane, to the land devised to them, respectively, with remainder in fee simple absolute in their respective heirs. Both dying without issue, the remainder in fee upon their death passed to, and vested absolutely in, their collateral heirs, as tenants in common. After the death of each devisee, the land devised to her for life was subject to partition, and to the application of the statute of limitation. As it is conceded that defendants and those under whom they claim had been in the adverse possession of the land in question under color of title, for more than ten years after the youngest of the plaintiffs became of age, the judgment is for the right party, and should be affirmed."

In so far as the above paragraph is applicable to the case at bar, I concur. In the agreed statement of facts it is admitted that the defendant, John A. Kerr, and those under whom he claims, have had open, notorious, exclusive, continuous, and adverse possession of the S. E. ¼ of the S. E. ¼ of section 33, township 50, range 32, since 1871. and that the defendant, John A. Kerr. and those under whom he claims, have had open, notorious, exclusive, continuous, and adverse possession of the S. W. ¼ of the S. E. ¼ of section 35, township 50, range 32, ever since June 30, 1860. The court therefore holds that the plaintiff is not the owner, nor entitled to the possession, of either or any part of said tracts of land; that the said John A. Kerr, and those under whom he holds, have acquired title thereto by virtue of the statute of limitations,—their possession being under color of title under deeds derived by virtue of sales in the partition proceedings, as stated in the agreed statement of facts. The court therefore finds the issues of fact for the defendant, and declares the law in his favor, as above indicated. Judgment for defendant.