STATE OF IOWA, appellee, v. DONALD EUGENE COUCH, appellant.

No. 49444.

(Reported in 92 N.W.2d 580)

OCTOBER 14, 1958.

Earl Gritton and Theodore F. Mantz, both of Des Moines, for appellant.

Norman Erbe, Attorney General, Freeman H. Forrest and Hugh V. Faulkner, Assistant Attorneys General, and Ray Hanrahan, County Attorney, Polk County, for appellee.

OLIVER, J.—Defendant was indicted on two counts, viz.: forgery and uttering a forged instrument, as defined respectively in sections 718.1 and 718.2, Code of Iowa 1954 (1958).

Witnesses for the State testified defendant presented for payment at a drugstore in Des Moines a $20 traveler's check of American Express Company, made payable to Jerome Sixel, when countersigned by Sixel; defendant was told the store would cash the check if defendant would indorse (countersign) it, which defendant then did, signing the name, "Jerome Sixel", thereon; defendant then handed the check to a clerk and secured therefor from the store $20 in merchandise and money; subsequently defendant stated he had found about twenty of the checks on the street, thought he could make use of them and cashed three of them at hotels and the check here in question at the drugstore, he did not know Sixel and had no permission from Sixel to sign the check. No evidence was offered on behalf of defendant. The trial resulted in his conviction upon each count of the indictment and this appeal from the judgment thereon.

I. Forgery has been defined as the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of legal liability. Uttering a forged instrument is the offering of it as true, knowing it to be forged, with intent to defraud. State v. Meeks, 245 Iowa 1231, 1236, 1237, 65 N.W.2d 76, and citations; 37 C. J. S., Forgery, sections 1 and 37. The statutory definitions of these offenses in sections 718.1 and 718.2, Code of Iowa 1954 (1958) are in substantial accord with the general definitions. Here the evidence was ample to support the verdict of guilty on both counts of the indictment.

II. Appellant contends the checks were lost property which he, the finder, was entitled to hold as against everyone except Sixel, who had not claimed them. He cites Code section 644.11, which provides for the vesting of title to lost property in the finder twelve months after proof of publication of notice

is made. However, appellant did not hold or advertise the check here in question but promptly disposed of it by forging the payee's name thereon and passing it at the drugstore with intent to defraud. Hence this statute could not, in any event, be applicable.

III. Appellant complains also that a police officer took from him the checks he had not cashed, and thus deprived him of the reward to which he would have later been entitled under Code section 644.13. Appellant's Abstract of Record does not show this alleged taking, but, if shown, it would not excuse the public offenses of which appellant was convicted. Moreover, the compensation provided by Code section 644.13 would not be applicable to lost traveler's checks of this nature which had not been countersigned by the payee, as required therein, before the same could be lawfully cashed or negotiated. DeYoung v. Foster, 239 Iowa 762, 32 N.W.2d 664.

IV. Another complaint is that Sixel did not initiate the prosecution of the charges against defendant. It is a sufficient answer that these were public offenses for which defendant was indicted by the Grand Jury in the performance of its duties. Code of Iowa, chapter 771.

V. Under the record it appears the drugstore was defrauded by the forging and passing of the traveler's check. But proof that anyone was actually defrauded is unnecessary in such cases. State v. Bolds, 244 Iowa 278, 283, 55 N.W.2d 534, and citations.—Affirmed.

All JUSTICES concur.