STATE OF NEBRASKA, APPELLEE, v. JAMES EDWARD BOTTS, APPELLANT.

165 N. W. 2d 358

Filed February 28, 1969. No. 37029.

A. Q. Wolf, Lynn R. Carey, Jr., and Fred J. Montag, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ., and HASTINGS, District Judge.

SPENCER, J.

Defendant has perfected an appeal from a conviction of the crime of robbery.

A few minutes after midnight on January 3, 1968, Leroy A. Desmond, the night manager and cashier for the Easy Parking Garage at the Redick Tower in Omaha was talking to his wife on the telephone. A man identified as the defendant came up to him and said: " 'There's two things you can do right now, hang up that phone and empty that cash register.' " After complying with

the request, Desmond was ordered to the men's rest-room and was instructed as follows: " 'Stay here for 10 minutes or I'll blow your brains out.' "

Mrs. Desmond, who had heard the order to her husband, told her daughter to call the police. Two officers within one-half block of the scene heard a police broadcast that a robbery was in progress. They drove their patrol car into the garage in the Redick Tower, apprehended the defendant who they met in the garage, and released Desmond from the restroom. Desmond identified the defendant as the man who had held him up. The officers then removed the stolen money from the defendant's pocket.

Defendant complains that the court committed reversible error in three particulars: (1) In permitting an amendment to the information and proceeding with the trial on the amended information; (2) in failing to grant a mistrial; and (3) in instructing the jury on the defendant's failure to testify. There is no merit to any of these claims.

The trial court permitted the county attorney to amend the information only to the extent that it changed the name of Desmond's employer from Redick Tower Garage to Easy Parking Company, a corporation. The amendment was proper and the defendant could not possibly have been prejudiced by it.

In Nicholson v. Sigler, 183 Neb. 24, 157 N. W. 2d 872, we said: "Section 29-1502, R. R. S. 1943, provides: 'Whenever on trial of any indictment for any offense there shall appear to be any variance between the statement in such indictment and the evidence offered in proof thereof in the Christian name or surname, or both Christian name and surname, *or other description whatever of any person whomsoever therein named or described,* or in the name or description of any matter or thing whatsoever therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial

shall be had shall find that such variance is material to the merits of the case or may be prejudicial to the defendant.' (Italics supplied.)"

The defendant did not take the witness stand in his own defense and the trial court gave the following instruction on the failure of the defendant to testify: "The defendant has not testified in this case, and you are instructed that the law does not require that he take the stand and testify. You are instructed that his failure to do so is not to be considered by the jury in any manner, and the jury is not at liberty to draw any inference by reason of his failure to take the stand, either for or against him, or to speculate in any manner because of such failure to testify." The defendant and his attorney had previously advised the court that they did not want this instruction given to the jury, and the trial court agreed not to give it.

During the course of the final argument of the county attorney, defense counsel made an objection in front of the jury that the county attorney was commenting on the defendant's failure to testify, and subsequently moved for a mistrial on the same grounds. The statement made by the county attorney was: "'What evidence is there to contradict the State's evidence? There is no evidence to contradict the State's evidence.'" This remark in the course of the county attorney's argument was not misconduct or improper. It was no more than an attempt to comment on the evidence adduced.

As we said in Kennedy v. State, 171 Neb. 160, 105 N. W. 2d 710: "In Jackson v. State, 133 Neb. 786, 277 N. W. 92, this court held that: 'Remarks of the prosecutor in final summation of the evidence to the jury which do not mislead and unduly influence the jury and thereby prejudice the rights of the defendant do not constitute misconduct.' See, also, Cramer v. State, 145 Neb. 88, 15 N. W. 2d 323, wherein we held: 'An argument by a prosecuting attorney, which is based on the evidence and inferences drawn therefrom, does not ordi-

narily constitute misconduct.' "

After the court overruled the motion for a mistrial, he advised counsel that in view of the objection in the presence of the jury, on his own motion he was going to give an instruction on the defendant's failure to testify. It is obvious that under the circumstances the instruction was proper. See State v. Cook, 182 Neb. 684, 157 N. W. 2d 151. If the instruction had not been given, the defendant could have urged reversal for that reason.

There being no merit to the defendant's assignments of error, the judgment herein is affirmed.

AFFIRMED.