STATE of Iowa, Appellee,

v.

Arthur Elmer KENDRICK, Appellant.

No. 53231.

Supreme Court of Iowa.

Jan. 13, 1970.

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and William W. Garretson, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

This appeal raises three issues upon which defendant relies for reversal. They are:

(1) Failure of the State to prove commission of the crime in the specific manner alleged in the indictment;

(2) Error in admitting certain evidence obtained from defendant in violation of his constitutional right against self-incrimination under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974; and

(3) Error in failing to declare a mistrial because a State witness referred to defendant's "past record."

I. A grand jury indictment accused defendant of "forgery as defined in section 718.1 of the 1966 Code of Iowa [in that] Arthur Elmer Kendrick forged a certain instrument in writing purporting to be a bank check * * * drawn on the Central National Bank and Trust Company, Des Moines, Iowa dated January 5, 1968 in the amount of $29.85."

The evidence showed defendant forged the indorsement of John E. Sheppard, a fellow employee, named as payee in a check issued by their common employer, R. L. Koder Co., Inc. Defendant then cashed the instrument at Griger's Food Fair, a Des Moines supermarket.

Defendant claims there is a fatal variance between the charge and the proof. He insists the State should have been required to show forgery in the *making*, rather than the *indorsement*, of the check in order to convict under this indictment.

Forgery is defined as the false making or materially altering, with intent to defraud, of any writing, which, if genuine might apparently be of legal efficacy, or the foundation of a legal liability. State v. Couch, 250 Iowa 56, 58, 92 N.W.2d 580, 582, and citations; State v. Gruver, 260 Iowa 131, 134, 148 N.W.2d 405, 408.

Section 718.1, Code of 1966, provides in part:

"If any person, with intent to defraud, falsely make, alter, forge, or counterfeit any:

\* \* \* \* \* \*

"5. * * * bill of exchange * * *; or

\* \* \* \* \* \*

"8. Indorsement or assignment of any bill of exchange * * *; or

"9. Instrument in writing, being, or purporting to be, the act of another, by which any pecuniary demand or obligation * * * is or purports to be created * * * he shall be imprisoned in the penitentiary not more than ten years * * *."

Defendant's argument rests upon State v. Hochmuth, 256 Iowa 442, 445, 127 N.W.2d 658, 659, and State v. Upton, Iowa, 167 N.W.2d 625, 627, where we held the State need not specify the particular manner in which a crime is committed; but, if it elects to do so, the proof must follow the allegation. We believe defendant unreasonably restricts the language of the indictment in asking us to reverse on this ground.

As we understand defendant's theory, it goes like this. The indictment charges him specifically under subsection 5 of section 718.1 with making or forging a check. The State, if it proved anything, proved he forged an indorsement to the check in violation of subsection 8 of that section. The conviction therefore cannot stand because, under Hochmuth and Upton, the State must prove the commission of the crime in the manner alleged in the indictment.

■ Defendant's position depends on the soundness of his claim the indictment alleges a specific violation of subsection 5. We do not believe it did. Defendant's house-of-cards collapses because he completely ignores subsection 9, dealing with the forgery of any "instrument in writing." This is the very language used in the indictment, and both the charge and the evidence support a conviction thereunder.

State v. Couch, supra, supports the result reached here. See also 37 C.J.S. Forgery section 34, page 54, and Hoffman v. United States, 9 C.C.A., 244 F.2d 378, 382.

II. Defendant next complains because several handwriting exemplars and certain oral statements made by him were erroneously admitted into evidence, despite his assertion they were obtained in violation of his right against self-incrimination. He says the evidence should have been excluded under Miranda v. Arizona, supra.

■ Again we disagree with defendant. In the first place we point out that handwriting samples are not within the privilege. We so held in State v. Sefcheck, Iowa, 157 N.W.2d 128, 135, relying on Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. That distinction is unimportant here, however, because we hold defendant voluntarily gave both the exemplars and the oral statements after having been fully advised of his constitutional rights under Miranda.

Police officers twice interrogated defendant prior to his arrest. Both conversations were held in a police car outside defendant's home. Police officer Don Coxe testified he told defendant on each occasion he need not talk with the officers; that he was entitled to an attorney and that "if he didn't have the money" the State would furnish him one; and that anything he said or did "could be used against him in court." This warning was given prior to the time defendant furnished any information, either by way of handwriting sample or oral statement. The officer further testified defendant said he understood what the officer was telling him and was willing to talk about the matter. The circumstances here are far more favorable to the State's position than those in State v. Davis, Iowa, 157 N.W.2d 907, where we held a defendant's statement admissible.

Defendant does not dispute the testimony of Officer Coxe, but argues he gave the information "reluctantly" and the officers should have stopped interrogating him as soon as this became manifest.

■ No authority has been cited for this proposition. Where, as here, the required warnings are fully and fairly given and where a defendant states he understands them and is nevertheless willing to talk, we know of no case in which a statement voluntarily, though reluctantly, given has been excluded. Under this record defendant's constitutional rights were properly protected, and the trial court was right in ruling the information obtained from him was admissible.

III. Defendant's last assigned error deals with the testimony of Officer Coxe on re-direct examination that defendant had a "past record." Defendant's immediate motion for a mistrial was overruled. He says this was reversible error.

It may be conceded that reference to a defendant's prior criminal record is frequently so prejudicial as to require a mistrial, but it does not follow that mere mention thereof always dictates that result.

Under the circumstances here, denial of defendant's motion was within the sound discretion of the trial court.

As already mentioned, defendant was questioned by the police on several occasions during their investigation of this case. At the time of the second interrogation the officers apparently felt they had sufficient evidence to charge defendant with a crime. Instead of taking him into custody, however, the officers agreed to permit defendant to remain at liberty under an arrangement by which he was to report voluntarily to the police station the following morning. This was done at defendant's request because of serious illness in his family.

On cross-examination of Officer Coxe, defendant's counsel attempted to make capital of this by showing defendant was considered to be reliable and trustworthy; otherwise the officers would have taken him into custody immediately. The purpose of this cross-examination, we assume, was to persuade the jury defendant was an honorable man and to weaken in their minds the likelihood he would have committed the crime with which he stood charged.

Thereafter on re-direct examination the State brought out the entire conversation upon which this arrangement was based. Included therein was the single statement that the officer had told defendant he was reluctant to permit him to remain at liberty because of his "past record." There was no further reference to this matter in the evidence. The evidence does not show what the officer referred to, but for our purposes we take it to have been conviction of a felony.

 We point out the testimony objected to came in only after defendant had attempted to use part of the conversation in which it occurred to his own advantage, and to show—somewhat obliquely, it is true—that the officers considered him a trustworthy person. It was proper for defendant to do so; but we cannot say the trial court abused its discretion in then permitting the State to show the entire transaction. As bearing on this subject see section 622.19, Code of Iowa, and State v. Ebelsheiser, 242 Iowa 49, 53, 43 N.W.2d 706, 709, 19 A.L.R.2d 865. See also VII Wigmore on Evidence, Third Ed., section 2113, page 524.

 Defendant also objects because the county attorney referred to this matter in final argument. No record was made, and we have no way of knowing what was said nor the circumstances under which it was mentioned. We have previously held we cannot pass upon the impropriety of an argument without a record upon which to base a determination. State v. Wesson, 260 Iowa 331, 340, 149 N.W.2d 190, 196; State v. Drosos, 253 Iowa 1152, 1158, 114 N.W.2d 526, 529; and State v. Schmidt, 259 Iowa 972, 980, 145 N.W.2d 631, 636.

We find no reversible error in any of the matters raised by defendant and the judgment therefore stands affirmed.

Affirmed.

All Justices concur.