STATE of Iowa, Appellee,

v.

Ruth Leanette SMITH, Appellant.

No. 56957.

Supreme Court of Iowa.

Nov. 13, 1974.

Noran L. Davis, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Lyle A. Rodenburg, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

RAWLINGS, Justice.

Defendant appeals from judgment on jury verdict finding her guilty of forgery. We affirm.

August 14, 1973, Ruth Leanette Smith was, by information, charged with the above stated offense (The Code 1973, Section 718.1). More specifically, the information alleged that on July 10, 1973, defendant falsely, feloniously and with fraudulent intent did utter or give to "Ralston Bank" at Ralston, Nebraska, a check drawn on the Ralston Bank, signed by defendant in the name of Rhonda W. Hascall.

September 12 defendant entered a not guilty plea.

October 2 the County Attorney filed application to amend the above information by striking "Ralston Bank" as payee and substituting therefor "Lyle's Discount Tire".

The same day, by ex parte order, trial court amended the information.

October 4 trial commenced absent any objection or exception by defendant regarding the aforesaid amendment as to which defense counsel then had knowledge.

Testifying on behalf of the State, Rhonda Hascall (then Mrs. Storm) stated she and defendant resided together about one month prior to the instant event. This witness also said she neither affixed her signature to the above mentioned check nor gave defendant permission to so do.

Dennis Long testimonially asserted he was employed at Lyle's Discount Tire store July 10, 1973. That day Long saw defendant and Leonard Tyson enter the store. The latter made inquiry regarding the purchase of tires. After a brief conversation some tires were placed on Tyson's car. Thereafter Long watched as defendant filled out a check (Exhibit 1) to which she affixed the name Rhonda W. Hascall as drawer. Before Tyson and defendant could leave the store Long contacted the Ralston Bank and thus learned there were insufficient funds in the Hascall account to cover the purchase amount. The check was then returned to defendant and the tires were removed from Tyson's car. Thereafter Lyle Kline, store owner, called the police.

Matthew Elder, a Council Bluffs police officer, testified to the effect he arrested defendant July 11, 1973 and recovered the check from her billfold.

As a defense witness Leonard Tyson said he was present at Lyle's Discount Tire store July 10, 1973. He saw defendant fill out Exhibit 1 and give it to the clerk.

At close of the State's case, and again after presentation of all evidence, defendant unsuccessfully moved for a dismissal by reason of the above noted ex parte information amendment.

Defense counsel later ineffectively requested the jury be instructed regarding gross fraud and receiving goods by false

personation as included offenses. Timely objection was voiced, with like effect, as to instructions given due to omission of those above urged.

Defendant also filed a post-verdict new trial motion based upon the aforesaid information amendment and absence of the requested lesser offense instructions. That motion was overruled.

There followed the judgment from which this appeal is taken.

In seeking a reversal defendant contends trial court erroneously (1) refused requested instructions on lesser offenses of gross fraud or cheat, and receiving goods by false personation, and (2) allowed the information to be so amended as to charge a different offense, without prior notice to defendant.

These assignments will be considered in reverse order.

I. As previously indicated defendant takes the position her information-amendment based objections and motion for a new trial were erroneously overruled.

At the outset The Code 1973, Section 773.43, provides: "The court may, on motion of the state, and before or during the trial, order the indictment [information] so amended as to correct errors or omissions in matters of form or substance."

And § 773.44 says: "If the application for an amendment be made before the commencement of the trial, the application and a copy of the proposed amendment shall be served upon the defendant, or upon his attorney of record, and an opportunity given the defendant to resist the same."

■ Briefly stated, defendant's attorney first saw the application for amendment and attendant amending order just before commencement of trial. At that time, however, no objection or exception to the amendment was voiced by defendant. Neither did defense counsel move for a continuance. Not until close of the State's case in chief was any amendment-related objection first asserted. It was again lodged at close of all evidence and later as a ground for new trial.

It is at once apparent the statutory procedure in Code § 773.43, quoted above, was not followed. See State v. Thornburgh, 220 N.W.2d 579, 582–583 (Iowa 1974).

On the other hand, it is also evident defendant here waived error regarding said amendment by failing to timely interpose appropriate objection thereto, absent a showing of good cause for the delay. See State v. Binkley, 201 N.W.2d 917, 919 (Iowa 1972); State v. Curtis, 192 N.W.2d 758, 759–760 (Iowa 1971).

■ Furthermore, the amendment effected could not have prejudiced defendant in course of trial. See State v. Thornburgh, *supra*; State v. Botts, 184 Neb. 78, 165 N.W.2d 358, 359 (1969). See also State v. Kiefer, 183 Iowa 319, 332–333, 163 N.W. 698 (1917).

The instant assignment affords no basis for reversal.

II. Recalling the crime here charged is forgery we are next called upon to determine whether "gross fraud or cheat at common law" and "receiving goods by false personation" were necessarily included offenses.

Code § 785.6 states: "[T]he defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment."

■ With regard to that statutory enactment two steps are involved in determining whether one offense is necessarily included within another. The first focuses upon the legal or element test, and the second requires an ad hoc factual determination. As to the former, a lesser offense must be composed of some but not all elements of the greater crime yet cannot require an element not needed to constitute the greater offense. See State v. Grady, 215 N.W.2d 213, 214 (Iowa 1974); Everett v. Brewer, 215 N.W.2d 244, 246 (Iowa 1974); State v. Hawkins, 203 N.W.2d 555, 557 (Iowa 1973).

But we need not here resort to a factual inquiry since the primary or legal test is not met.

Our statute on forgery, Code § 718.1, provides, in relevant part:

"If any person, with intent to defraud, falsely make, alter, forge, or counterfeit any:

" * * *

"9. Instrument in writing, * * * purporting to be, the act of another, by which any pecuniary demand or obligation, or any right or interest in or to any property whatever, is or purports to be created, increased, transferred, conveyed, discharged, or diminished—he shall be imprisoned * * *."

■ So the elements of forgery are (1) the false making, alteration, forging or counterfeiting of a written instrument; (2) apparently capable of defrauding; (3) with intent to defraud.

■ On the other hand, with regard to gross fraud or cheat, Code § 713.34 states: "Every person who is convicted of any gross fraud or cheat at common law shall be fined * * * or imprisoned * * * or both." The elements thereof are, (1) *obtaining property of another*; (2) with fraudulent intent to cheat or defraud; (3) by use of deceitful practice, token, artifice, trick or design; (4) which affects or may affect the public.

■ And as to receiving goods by false personation, Code § 713.2 says: "If any person falsely personate or represent another, and in such assumed character receive any money or property intended to be delivered to the person so personated, with intent to convert the same to his own use, his is guilty of larceny * * *." Thus the elements of this offense are, (1) *receiving money or property by false personation or representation*; (2) which is intended to be delivered to the person so personated; (3) with intent by the personator to convert same to his or her own use.

Unquestionably, the gravamen of all three aforesaid offenses is intent to defraud. There are also other elements common to all, i. e., misrepresentation and the offender's knowledge of his or her deceitful conduct.

But both alleged lesser offenses, *supra*, require a receipt or obtaining of money or other property by the offender as a result of the offense.

Distinguishably we have held as to forgery: "It is not necessary that anyone be actually defrauded; the attempt to defraud, the intention to do so is sufficient." State v. Bolds, 244 Iowa 278, 283, 55 N.W.2d 534, 536 (1952). See also State v. Couch, 250 Iowa 56, 59, 92 N.W.2d 580 (1958).

■ Since an accused can only be guilty of gross fraud or cheat, or receiving goods by false personation if the fraudulent conduct culminates in acquisition of property, an element not essential to constitute forgery, the two above stated lesser offenses are not necessarily included in the latter.

We therefore conclude, and accordingly hold, trial court did not err in refusing defendant's requested instructions on gross fraud or cheat, at common law, or receiving goods by false personation.

Affirmed.