STATE of Iowa, Appellee,

v.

Timothy Howard JOHNSON, Appellant.

No. 58545.

Supreme Court of Iowa.

Aug. 30, 1976.

John C. Wellman, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Jr., Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and REYNOLDSON, JJ.

REYNOLDSON, Justice.

A jury found defendant guilty of the offense of larceny of a motor vehicle in violation of § 321.82, The Code, 1973. He appeals from judgment sentencing him to serve a term not exceeding ten years in the state penitentiary at Fort Madison. We affirm.

The circumstances surrounding the larceny are not in issue. There was more than sufficient evidence to permit the jury to find defendant guilty of stealing a "Blazer" vehicle from the Moyer used car lot in Ankeny on March 1, 1975.

Defendant was arrested the same day. The sole question relates to a voluntary statement defendant then made to Sergeant Kasper, an Ankeny police officer. Kasper ultimately testified the defendant "advised me he had spent some time up in Anamosa, and during that time he had read quite a few law books and he knew how to get out of this charge."

A § 780.10 notice of additional testimony, served on defense counsel before trial, indicated officer Kasper would provide the testimony above quoted.

Before trial, defense counsel dictated into the record a motion in limine which in part stated:

"The motion in limine is directed to the portion of the statement he [defendant] had been in Anamosa, and I move the court that the County Attorney instruct his witnesses not to mention the defendant's statement as to Anamosa or any other * * * statement * * * the defendant might have made which would show his previous conviction of a criminal offense on the grounds that this would show commission of a previous crime which would not otherwise be admissible in evidence and be prejudice to the defendant.

"We would have no quarrel with the rest of the defendant's statement being admitted except as to the part about his having been in Anamosa previously."

Defense counsel, citing *State v. Martin*, 217 N.W.2d 536 (Iowa 1974) and *State v. Wright*, 191 N.W.2d 638 (Iowa 1971), pointed out the testimony could only be for the purpose of showing defendant's prior conviction for an unrelated crime and would be incompetent, irrelevant and immaterial.

This motion in limine was overruled. At trial the following incident occurred during the police officer's testimony:

"Q. Then did you have any conversation—did he say anything else about law books? A: Yes, sir; he did.

Q. What was that? A. During the course of the booking process, he advised me he had spent some time up in Anamosa—

MR. TOMPKINS: Excuse me, I want to make sure what he is going to say before interposing an objection. I would interpose the same objection as made in my motion in limine to this testimony which I believe Sergeant Kasper is now going to make is inadmissible as showing previous criminal acts on the part of the defendant. It is prejudicial to the defendant and should not be permitted.

THE COURT: Being a voluntary conversation, the officer may answer.

BY THE WITNESS:

A. He advised me he had spent some time up in Anamosa, and during that time he had read quite a few law books and he knew how to get out of this charge."

Defendant asserts trial court erred "in allowing into evidence the commission of a previous crime."

█ I. The general rule is that evidence showing the commission of crimes other than one with which a defendant is charged is inadmissible. *State v. Oppedal*, 232 N.W.2d 517, 520 (Iowa 1975); *State v. Harper*, 222 N.W.2d 450, 452 (Iowa 1974); *State v. Johnson*, 222 N.W.2d 483, 485 (Iowa 1974). The State does not contend Kasper's testimony concerning defendant's prior incarceration falls within any of the well-established exceptions to the above rule. See *State v. Coburn*, 244 N.W.2d 560 (Iowa, 1976); *State v. Garren*, 220 N.W.2d 898, 900 (Iowa 1974); *State v. Fetters*, 202 N.W.2d 84, 91–92 (Iowa 1972).

█ The State argues this evidence was properly injected into the case as a "quasi-admission", admissible because inconsistent with defendant's not-guilty plea. We are unpersuaded. There is no inconsistency between that portion of defendant's statement concerning Anamosa (the only portion to which he objected) and his plea of not guilty. Taken in context, the information defendant "spent some time up in Anamosa" would clearly convey to the jury that defendant had been incarcerated following conviction of a prior crime. This irrelevant and prejudicial information was a violation of our above-stated general rule.

Alternatively, the State argues "mere mention" of a defendant's criminal history does not automatically create reversible error, citing *State v. Kendrick*, 173 N.W.2d 560, 562–563 (Iowa 1970). In *Kendrick* defendant attempted to use a portion of a conversation with a police officer to his own advantage. We refused to reverse trial court when it then permitted the prosecution to offer the balance, which contained a reference to defendant's "past record". These circumstances in *Kendrick* distin-

guish that case and provided a basis for admission unavailable here.

II. We turn to the question whether defendant made the proper record below to raise this issue on appeal.

We have said reversible error ordinarily cannot be predicated on an order overruling a motion in limine. *State v. Johnson*, supra, 222 N.W.2d at 485; *Twyford v. Weber*, 220 N.W.2d 919, 922–924 (Iowa 1974).

During trial this issue was reached with the question, responses and objection quoted in the factual recital, above. The initial answer, which came in without objection, contained the information concerning Anamosa which was the subject of defendant's unsuccessful limine motion.

■ Technically, the first answer was unresponsive to the question. Of course, this would be an objection available only to the interrogating prosecutor. See *State v. Smiley*, 201 N.W.2d 730, 731 (Iowa 1972). We note defense counsel did not indicate surprise. Rather, his comment suggests he deliberately awaited the response to determine whether it contained the prejudicial language. However, he then directed his objection to the "testimony * * * Sergeant Kasper is now going to make * *." The defense neither moved to strike the prejudicial response then in evidence, nor requested the court to admonish the jury to ignore it. Defendant did not move for mistrial. Under these circumstances, we hold no claim of error was preserved. See *State v. Hinkle*, 229 N.W.2d 744, 748 (Iowa 1975); *State v. Hendren*, 216 N.W.2d 302, 305 (Iowa 1974).

The judgment appealed from is affirmed.

AFFIRMED.