(No. 30509.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLARENCE SHOFFNER, Plaintiff in Error.

*Opinion filed March 18, 1948—Rehearing denied May 17, 1948.*

JAMES O. MONROE, JR., of Collinsville, MANUEL M. WISEMAN, of Alton, and JOHN RAEBURN GREEN, of St. Louis, Mo., for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and CLAUDE M. SWANSON, State's Attorney, of Paxton, (EDWARD WOLFE, and CLARENCE E. SOWARD, both of Springfield, of counsel,) for the People.

Per CURIAM: An indictment returned in the circuit court of Ford County on April 8, 1931, charged that plaintiff in error did, on January 19, 1931, break and enter a store building with the intent to steal, and did take and carry away certain items of personal property having an aggregate value of $10.50. Bail was fixed at $1500 but the record does not disclose whether bail was given or whether plaintiff in error remained in custody. It does appear that on July 18, 1931, he was before the court and acknowledged receipt of a copy of the indictment, list of witnesses and a list of the petit jurors. The judgment contains the following:

"And now in open court the defendant waives arraignment, and states to the Court that he desires to plead guilty to the Crime of Burglary in manner and form as alleged in said indictment.

"And now the defendant after being admonished by the Court as to the effect and consequence of his said plea of guilty, still persists in his said plea of guilty to the crime of Burglary in manner and form as alleged in said indictment, and the defendant states his age to be 25 years.

"It is therefore the order and judgment of this court that the defendant upon his said plea of guilty stand convicted of the crime of Burglary in manner and form as

alleged in said indictment and the court finds the age of the defendant to be 25 years."

The judgment concludes with an order sentencing plaintiff in error to the penitentiary for a period of one year to life. In 1947 leave was granted plaintiff in error to prosecute a writ of error *in forma pauperis,* and in December, 1947, an authenticated copy of the common-law record was filed in this court. Two errors are assigned for reversal: first, that there was no arraignment, and without such the judgment can not be sustained; second, that plaintiff in error did not have counsel to advise him, that he did not know of his right to counsel, that the court did not advise him of such right, and that he entered his plea without a full understanding of his rights.

The formalities of arraignment as required by the common law have been changed by section 1 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1947, chap. 38, par. 729.) Where it was formerly required that the indictment be read to the accused, the statute now provides that he be furnished with a copy of the same. It has been said that the furnishing of a copy of the indictment is a better means of informing the accused of the character of the charge than was the former requirement that it be read to him. (*People* v. *Terry,* 366 Ill. 520; *Kelly* v. *People,* 132 Ill. 363.) If the record shows that what was done amounted in substance to an arraignment, it is sufficient. (*Parkinson* v. *People,* 135 Ill. 401.) However, if a case is to be tried before a judge or jury, there must be a plea, for in the absence of same no issue is raised. If the accused pleads guilty, the record must show such plea, for without it a judgment of conviction cannot be sustained. *Hoskins* v. *People,* 84 Ill. 87; *Yundt* v. *People,* 65 Ill. 372; *Johnson* v. *People,* 22 Ill. 314.

It will be observed that the record shows plaintiff in error acknowledged to the court that he had received a copy of the indictment and thereafter entered a plea of

guilty. Plaintiff in error contends the words "waives arraignment" constitute a waiver of all the essentials of an arraignment, but the recital of the furnishing of a copy of the indictment shows this requirement was not waived nor was the requirement that the record show a plea was entered. These facts appearing of record it is not a case as plaintiff in error contends where the record shows arraignment was waived, but is a case presenting a question as to whether the facts shown are sufficient to amount to an arraignment. We hold that what was done amounted to an arraignment, notwithstanding the recital "arraignment waived." *People* v. *Terry,* 366 Ill. 520.

In discussing the essentials of an arraignment to meet the due-process clause of the fourteenth amendment, it was held in the *Terry case* that due process of law did not require the people to adopt any particular technical form of procedure, so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself. *Garland* v. *State of Washington,* 232 U.S. 642, 58 L. ed. 772.

The second assignment of error raises the same question determined in *People* v. *Wilson,* 399 Ill. 437, in which an opinion was filed this term. On a review by writ of error, the reviewing court is restricted in its examination to the record certified by the trial court. Such record imports verity, and all reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment. (*People* v. *Throop,* 359 Ill. 354; *People* v. *Gerke,* 332 Ill. 583.) The rule is that court records, the subject of review as in this case, are to be regarded as so conclusive and final that the existence of the record or the facts recited therein cannot be impeached or contradicted by the affidavits of persons, either parties to the record or bystanders, or by notes of a stenographer who reported the proceedings in the trial court, or on the mem-

ory of the judge who presided when the record was made. (*People* v. *Flannigan,* 398 Ill. 55; *People* v. *Ambolo,* 343 Ill. 480; *Hubbard* v. *People,* 197 Ill. 15.) This rule precludes our consideration of plaintiff in error's affidavit filed in support of his second assignment of error. Without it the questions presented on this assignment are the same as those presented in *People* v. *Wilson,* 399 Ill. 437.

Reference should be made to plaintiff in error's affidavit, for it furnishes an opportunity to again emphasize the distinction plainly drawn by the cases between questions reviewable on a writ of error and questions of fact that may be tried on a petition for a writ of *habeas corpus* where it is claimed due process has been denied. Plaintiff in error states in his affidavit that he was 26 years of age in 1931 when arrested for this offense, that he was born in a rural section of Kentucky, never had "a systematic schooling" and could not read or write when he pleaded guilty in 1931. He states that during his incarceration he has improved his condition and is now able to read and to understand the affidavit. It was further stated that by reason of his illiteracy when he pleaded guilty he was not able to read the indictment or to know its contents, that he did not have counsel, did not know he had a right to counsel and did not have any money to employ counsel if he had known of such right, that the court did not advise him of his rights, or that counsel would be appointed for him if he requested it. The affidavit concludes that "he was incapable adequately of making his own defense." It is obvious the affidavit was drawn with a view of bringing the case within the doctrine of *Powell* v. *Alabama,* 287 U.S. 45, 77 L. ed. 158, followed in more recent cases, including *Williams* v. *Kaiser,* 323 U.S. 471, 89 L. ed. 398, and *Tomkins* v. *Missouri,* 323 U.S. 483, 89 L. ed. 407. The affidavit contains substantially the same facts as were alleged in the petitions for writs of *habeas corpus* in the

*Williams* and *Tomkins cases.* The Supreme Court of the United States held that such averments, if proved, were within the doctrine of *Powell* v. *Alabama,* and, being such, required an answer and, if questions of fact were raised, the introduction of evidence. As stated, the affidavit is not available to impeach the record in this review.

For the reasons assigned, the judgment is affirmed.

*Judgment affirmed.*