47 So.2d 248

**CHESNUT v. STATE.**

**7 Div. 69.**

Court of Appeals of Alabama.
June 20, 1950.

Keener & Keener, of Centre, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon the trial of this case in the court below a number of exceptions to the rulings of the court were reserved and upon this appeal are presented and insisted upon as being error. We find upon investigation however that only one of these insistences need be considered, as said question is conclusive of this appeal.

It affirmatively appears from the record there was no arraignment of the defendant, and consequently no plea was interposed by him or entered for him. This matter was called to the attention of the trial judge by defendant's counsel, whereupon the court stated, "Let it go." What was meant by this terse statement of the court is difficult to understand. Nevertheless, the record sustains the contention of defendant's counsel, as shown by the judgment of the court, which is as follows: "On this the 22 day of November, 1949, came the State by her Solicitor and the defendant in person and by attorney. Thereupon came a Jury of good and lawful men, to-wit: C. L. Wester and eleven others who being duly empaneled, sworn and charged according to law upon their oath say: 'We the juior find the defendant guilty as charged in the Aff. and assess a find of $250.00 dollars against him.' It is therefore considered and adjudged by the Court that the defendant is guilty of violating the prohibition laws as charged in the affidavit, and that the State of Alabama for the use of Cherokee County, recover of the defendant the sum of $250.00, the find so assessed by the Jury, together with all costs of this prosecution, etc. * * *."

There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court; Jackson v.

State, 91 Ala. 55, 8 So. 773, 24 Am.St. Rep. 860; Howard v. State, 165 Ala. 18, 50 So. 954; Bowen v. State, 98 Ala. 83, 12 So. 808; Childs v. State, 97 Ala. 49, 12 So. 441.

Reversed and remanded.