State of Iowa, appellee, v. Ronald Gruver, appellant.

No. 52358.

(Reported in 148 N.W.2d 405)

· FEBRUARY 7, 1967.

Ronald Gruver, pro se.

Lawrence F. Scalise, Attorney General, Ronald A. Riley, Assistant Attorney General, and Ira W. Skinner, Jr., of Storm Lake, County Attorney, for appellee.

MASON, J.—Defendant, charged by county attorney's information with forgery contrary to section 718.1, Code, 1966, was found guilty on his plea of guilty and sentenced by the Buena Vista District Court to imprisonment in the men's reformatory for a term not to exceed ten years. Defendant, appearing pro se, has perfected his appeal to us.

On May 20, 1966, a preliminary information was filed in a justice court at Storm Lake, charging defendant with forgery. The following day an attorney was appointed to represent him. After two continuances defendant waived preliminary hearing May 24 and was bound to the next term of the district court. Being unable to furnish $1000 bond, mittimus issued and defendant was confined in the county jail to await action at the next term.

June 6 defendant, represented by the same court-appointed counsel, was arraigned and entered a plea of guilty to forgery as charged in the county attorney's information. Prior to arraignment defendant signed a request that a county attorney's information be filed, that he be taken before the court for the purpose of waiving arraignment, time to plead and for entering a plea of guilty, requesting pronouncement of judgment and sentence on his plea forthwith.

The court calendar entry of June 6 shows:

"Defendant appears in person and with his attorney, James Gailey. States he is charged by his correct name and acknowledges receiving a copy of information—/s/ Joseph P. Hand. Enters his plea of guilty—Sentence postponed until pre-sentence investigation can be obtained." June 29 sentence was pronounced.

Defendant's contentions are set forth in ten divisions. Summarized they are error in (1) being prosecuted on a county attorney's information rather than indictment by the grand jury, (2) being required to sign a request for the filing of an information, (3) insufficient evidence to support the crime charged, (4) being required to enter a plea prior to appearance in open court, (5) failure to apprise defendant of his right to a three-day waiting period before pronouncement of judgment after accepting his plea of guilty, and (6) failure to provide

defendant with a transcript of the record and assistance of counsel to prosecute this appeal.

I. Defendant contends being prosecuted for forgery by a county attorney's information denied him his constitutional right to be indicted by a grand jury as required by Amendment 5 to the Federal Constitution. This question has recently been determined adversely to defendant in Hoskins v. Bennett, 256 Iowa 1370, 1376, 131 N.W.2d 510, 514; Kotek v. Bennett, 255 Iowa 984, 988, 989, 124 N.W.2d 710, 712, and citations, certiorari denied 376 U. S. 188, 84 S. Ct. 637, 11 L. Ed.2d 604.

As in Kotek "we conclude there is no merit in * * * [defendant's] contention that one accused of an infamous crime by a county attorney's information is not afforded equal protection of the laws, in violation of the Federal Constitution."

II. In support of his contention that "the evidence does not support the offense of forgery as charged" defendant asserts the names of the payee and maker on the check in question were fictitious. He argues that to constitute forgery it must be proven the name used is that of an existing person; the State failed to show there was ever a person known as "Donald Long", the name appearing as maker of the check. He further contends the assumed names were used as aliases.

Forgery has been defined to be the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. State v. Meeks, 245 Iowa 1231, 1237, 65 N.W.2d 76, 79, and citations.

"It is well settled in most jurisdictions, including Iowa, that the offense of 'forgery' may be committed even though the name used be an *assumed* or fictitious one when it is also shown that it was used with the intention to defraud." State v. Meeks, supra.

"To constitute forgery, the name alleged to be forged need not be that of any person in existence. It may be wholly fictitious, if the instrument is made or altered with intent to defraud. * * *." McCornack v. Central State Bank, 203 Iowa 833, 837, 211 N.W. 542, 545, 52 A. L. R. 1297, citing 26 Corpus Juris 899 (now 37 C. J. S., Forgery, section 10).

■ III. Defendant contends he was required to sign a request that a county attorney's information be filed against him and that his signing of a written plea of guilty prior to appearing in open court is contrary to section 777.12, Code, 1966, and Amendment 14 to the Constitution.

The court minutes set out in the June 6 calendar entry, supra, show defendant later entered his guilty plea in open court. The written plea of guilty to the crime was signed by defendant and witnessed by his court-appointed attorney. Section 777.12, Code, 1966, provides:

"Plea of guilty—form—entry. The plea of guilty can only be made in open court and by the defendant himself, and in the presence of legal counsel acting on behalf of the defendant if the defendant is charged with a felony * * * and shall be entered of record. * * *."

It is apparent from the notation on the court's calendar the statute was followed. The fact the written plea had been executed prior to defendant's actual court appearance when he apparently entered an oral plea does not help him in this contention.

■ IV. Defendant's next complaint is the trial court's failure to inform him of his rights under section 789.2, Code, 1966. This section provides:

"Judgment of conviction—time for. Upon a plea of guilty, verdict of guilty, or a special verdict upon which a judgment of conviction must be rendered, the court must fix a time for pronouncing judgment, which must be at least three days after the verdict is rendered, if the court remains in session so long, or, if not, as remote a time as can reasonably be allowed; but in no case can it be pronounced in less than six hours after the verdict is rendered, unless defendant consent thereto."

As stated, defendant's plea of guilty in open court was entered June 6. Judgment was not pronounced until June 29. Whether the court actually notified defendant of the provisions of the statute is wholly immaterial in view of the fact that sentence was not actually pronounced until some 23 days later. He was afforded every benefit of the waiting period the statute prescribes. This contention is also without merit.

V.   Defendant contends the court erred in failing to provide him with a transcript of the record.

The matter came before the court on a plea of guilty. Evidently, no record was made of the proceedings other than the calendar entry set out supra. Defendant has had the benefit on this appeal of such record as was made. He perfected his appeal so any complaint about the court's failure to advise him of his rights to appeal is without merit.

We again call the attention of trial judges and county attorneys to the advisability of making a court-reported record of all proceedings had where a defendant is charged with a felony, including arraignment, time granted in answer to the arraignment, defendant's pleadings and the setting of time for pronouncement of judgment and sentence, as well as the imposition thereof. This has been suggested before, Herold v. Haugh, 259 Iowa 667, 672, 145 N.W.2d 657, 660, not because of any constitutional requirement for defendant's benefit but as an aid to the court in the event of further proceedings.

VI.   Defendant's final contention is that he was entitled to an attorney to represent him at every stage of the proceedings, including this appeal.

As stated, defendant was represented at the preliminary hearing in justice court, in district court at time of arraignment, plea and sentence, by court-appointed counsel which was his right under our statutes.

Defendant's complaint here is the court's failure to provide aid of counsel in perfecting this appeal.

Section 775.5, Code, 1966, makes provision for appointment of counsel for indigent defendants. It provides in part "* * * Such attorney need not follow the case * * * into the supreme court unless so directed by the court *at the request of the defendant* * * *." (Emphasis supplied.)

"So, under Gideon [Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733], states must now provide counsel for indigent defendants in criminal cases to the same extent as the United States, *under like circumstances,* must do so in federal cases." (Emphasis supplied.) McDonald v. Moore (5 Cir., 1965), 353 F.2d 106, 108.

Rule 32a, Federal Rules of Criminal Procedure, as amended, effective July 1, 1966, provides:

"(2) Notification of Right of Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in *forma pauperis*. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant."

In Douglas v. People of State of California, 372 U. S. 353, 83 S. Ct. 814, 815, 9 L. Ed.2d 811, although several questions were presented in the petition for certiorari, the court directed its attention to only one of them, petitioners *requested* and were denied, the assistance of counsel on appeal, even though it plainly appeared they were indigents.

Here we do not have a circumstance like that provided for in rule 32a(2) of the Federal Rules nor like that considered by the Court in Douglas, supra.

In Weaver v. Herrick, 258 Iowa 796, 803, 140 N.W.2d 178, 182, we said: "* * * the trial court should appoint counsel at county expense to assist him in his appeal of the case upon a proper showing that defendant is unable to employ counsel for that purpose. 'Ability to employ counsel fairly implies ability to pay him reasonable compensation.' "

No request formal or otherwise was ever made to the district court nor to this court for the appointment of counsel to aid in this appeal. No showing was made that defendant was unable to employ counsel to assist him. We adhere to the pronouncements in Weaver v. Herrick, supra, that an indigent defendant has a right to assistance of counsel on appeal. However, we are not prepared to hold that failure to advise defendant of his right to appellate counsel after his plea of guilty and after providing him with counsel during all trial court and preliminary proceedings constitutes a violation of defendant's constitutional rights. The trial court did not err in failing to appoint counsel under these circumstances.

While the trial court might well have advised defendant, charged with a felony, of his right to appeal and to the

assistance of court-appointed counsel if he was unable to employ an attorney even though represented by an attorney in entering his plea, the "like circumstances" referred to in McDonald, supra, do not exist here.

Finding no error, the cause is—Affirmed.

All JUSTICES concur.