Pedro Gonzales ALONZO, Appellant,

v.

The STATE of Texas, Appellee.

No. 43354.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Rehearing Denied Feb. 17, 1971.

Patrick D. Burke, San Antonio, (On Appeal Only), for appellant.

Ted Butler, Dist. Atty., Charles Conaway and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

**604**

Patrick D. Burke, San Antonio (Court Appointed on Appeal) for appellant.

Ted Butler, Dist. Atty., Charles Conaway and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

MORRISON, Judge.

OPINION

This is a companion case to Alonzo v. State, Tex.Cr.App., 462 S.W.2d 602.

The offense is possession of heroin; the punishment, twenty (20) years.

Appellant waived trial by jury and entered a plea of guilty before the court after being duly admonished of the consequences of his plea.

■ In his first ground of error "appellant contends that the court erred in accepting his plea of guilty without having the indictment read to him and without securing a waiver of such reading in violation of Vernon's Ann. C.C.P. Art. 26.11." Such statute relates to arraignment. The judgment reflects the appellant was "duly arraigned." Further, the record reflects the following at the time appellant entered his plea of guilty:

"THE COURT: At the time of your arraignment you indicated you wished to plead not guilty. It is my understanding now, that you wish to waive the reading of the indictment and enter a plea of guilty, is that correct?

(Appellant's Attorney): "Yes, sir."

"THE COURT: Are you pleading guilty to this offense because you are guilty?

"MR. ALONZO: Yes, sir."

While undoubtedly it would have been better practice to require a personal answer from the appellant to whom the inquiry as to the reading of the indictment was directed, we perceive no error. See also Article 44.24, V.A.C.C.P. (Presumptions of Appeal).

■ Appellant next contends the exhibits attached to the "Written Waiver and Consent to Stipulations of Testimony and Stipulations" were not sufficiently identified as to constitute evidence. The form and procedure was that utilized and described in De Gay v. State, Tex.Cr.App., 455 S.W.2d 207, except that the attached exhibits were not separately marked for identification by the court reporter as in De Gay. The "Written Waiver and Consent" form and attached exhibits were introduced as one exhibit (State's Exhibit # 1). Even if the attached exhibits were not considered, we find in "Written Waiver and Consent" form the following sworn statement: "I, Pedro G. Alonzo, do hereby admit, stipulate and confess that on March 7, 1969, in San Antonio, Texas, Bexar County, I did unlawfully possess a narcotic drug, to wit: heroin." Such "judicial confession" standing alone, would be sufficient to sustain the conviction. See Alvarez v. State, Tex.Cr.App., 374 S.W.2d 890.

Appellant's third ground of error is that he was not granted a hearing on his objections to the record on appeal. In his objections he contends that one instrument in the record was a copy and was not the original. He does not contend that there was any variance. His second objection to the record on appeal is that the judgment, which contained the recitation, " * * * having been duly arraigned * * * raises the presumption that the Defendant was arraigned in said cause, which presumption is merely an inference on the part of the Court herein insofar as there is no evidence contained in the record of this case * * * to support the inference. * * *" What we have said above disposes of this contention.

His last objection to the record is that certain exhibits were not properly identified. It should be noted in this connection

that appellant's judicial confession was sufficient to support his plea of guilty without recourse to the exhibits.

Finding no reversible error, the judgment is affirmed.