252 So.2d 659

**Nick Jones STRONG**

**v.**

**STATE.**

**8 Div. 146.**

Court of Criminal Appeals of Alabama.

Aug. 24, 1971.

Rehearing Denied Sept. 14, 1971.

Smith, Johnston, Walker & Morris, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

CATES, Judge.

Murder in the first degree: sentence, death by electrocution.

I

On appeals our court is confined to the record certified to us by the trial court. Here the circuit clerk has sent us "a *full*, true and correct transcript, in said cause, except such parts of the record as are required to be omitted from the transcript." (Italics added). Supreme Court Rule 25 specifies what matters are to be omitted from the transcript. See also Code 1940, T. 15, § 380. Arraignment is not designated for omission.

In this case the record shows the caption with the organization of the court, the indictment, the transcript of testimony, four photographic exhibits, two orders under Acts 525 and 526, September 16, 1963 and a "judgment entry."

This latter document reads as follows:

"JUDGMENT ENTRY

"A jury of twelve, eleven men and one woman, having been impanelled for the trial of said cause and having deliberated thereon, returns the following verdict: 'We, the Jury, find the Defendant, Nick Jones Strong, guilty of murder in the first degree and fix his punishment at death, /s/ Frederick T. Lewis, Jr., As Foreman.'

"Whereupon the Court called the Defendant, Nick Jones Strong before the Court and asked him if he had anything to say why the judgment of the Court should not be pronounced upon him and he said nothing.

"Whereupon the Court stated the following to the Defendant in open Court: 'The Jury and verdict finding you guilty of Murder in the 1st Degree under the indictment have fixed your punishment at death. Therefore you are adjudged guilty of Murder in the 1st Degree and sentenced to death; it is ordered by the Court that at Kilby Prison, Montgomery County, Alabama, on Thursday, April 15, 1971, at any time before the hour of sunrise of that day the Warden of Kilby Prison or such other officer as may be authorized by law shall execute you by causing to pass through your body a current of electricity of sufficient intensity to cause death. The Clerk shall issue the necessary warrant therefor. The Court notes that Defendant appeals from said judgment of conviction to the Supreme Court of Alabama orally in open Court; it is therefore ordered that execution of sentence be suspended pending the appeal and that the Defendant be transferred to the Department of Corrections and Institutions for safe keeping pending appeal.'

"Dated at Huntsville, Alabama, February 23, 1971.

John D. Snodgrass

John D. Snodgrass, Circuit Judge"

In Jackson v. State, 91 Ala. 55, 8 So. 773, the opinion concludes as follows:

"We find an error in the record, which compels a reversal upon other grounds. The record fails to show that the defendant pleaded to the indictment, or, standing mute, the court caused the plea of not guilty to be entered for him. The judgment-entry, * * * recites that thereupon came a jury, &c., who upon their oaths do say, &c. There was no plea entered, and no issue joined.

"There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court-Fisher v. State, 46 Ala. 717, 723; Slocovitch v. State, Id. 227; Fernandez v. State, 7 Ala. 511; 1 Bish.Crim.Proc. § 468.

"Reversed and remanded."

In Clayton v. State, 16 Ala.App. 432, 78 So. 462, per Samford, J., a recital of "issue joined" sufficiently showed a plea to the indictment.

The case following *Clayton,* supra, was Bray v. State, 16 Ala.App. 433, 78 So. 463. Therein Brown, P. J., said the bill of exceptions could not contradict the record.

See also Spann v. Town of Hartford, 23 Ala.App. 17, 121 So. 436; Chesnut v. State, 35 Ala.App. 376, 47 So.2d 248; Huddleston v. State, 37 Ala.App. 57, 64 So.2d 90; Rorex v. State, 44 Ala.App. 112, 203 So.2d 294; McClendon v. State, 44 Ala.App. 558, 216 So.2d 302. Hines v. State, 238 Ala. 575, 192 So. 423, was also a record without arraignment being shown.

II

■ Additionally a record must show affirmatively the presence of counsel at arraignment. Hamilton v. Alabama, 368 U.S.

52, 82 S.Ct. 157, 7 L.Ed.2d 114 and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

In view of the reversal we shall not detail the deficiencies of the questions used to examine prospective jurors as to fixed opinions regarding capital punishment. Rather we refer to the opinion of Harwood, J., in Jackson v. State, 285 Ala. 564, 234 So.2d 579, particularly:

"Since *Witherspoon* [Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776] and *Boulden* [Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433] supra, it is clear that an affirmative answer to the general question that a juror is opposed to capital punishment, or his conscientious scruples against imposing such penalty, or has a fixed opinion against capital punishment is not a sufficient ground for challenge for cause. A juror giving such answer must be examined further to determine if his opposition is such that he would not inflict a death sentence *regardless of the evidence* and instructions of the court as to the governing law."

(Italics added).

Also at page 36 of the record we find the following:

"THE COURT: Let's take up the challenges.

"MR. SIMPSON: The State challenges all who are opposed to the death penalty.

"THE COURT: That would be number 5 challenged for cause, number 15, number 19, number 24. Those challenges are granted for cause. Number 24, challenge for cause granted. Number 35, challenge for cause, is granted, number 40, challenge for cause, is granted. Number 41, challenge for cause is granted. Number 42, challenge for cause, granted. Number 63, challenge for cause, granted. Number 66 challenge for cause, granted. Number 68, challenge for cause, granted.

Number 74, challenge for cause, is granted. That is 15 challenges for cause.

"MR. SMITH: Of course, Judge, you will grant us an exception?

"THE COURT: You are objecting to the challenges for cause on the basis that these people had fixed opinions against capital punishment, and the Court overrules that objection.

"MR. SMITH: We except. We have a right to be entitled to a jury of our peers, and these people are being excluded."

■ Since we find no provision for the preservation of the list from which the jury is struck in Art. 2, Ch. 5 of T. 30, 1940 Code (§§ 63–71) we think that the record in a capital case should identify the challenged veniremen by name rather than by number alone. See Liddell v. State (After Remandment) 287 Ala. 299, 251 So. 2d 601.

For the error pointed out in Part I above the judgment below is reversed and the cause remanded for trial de novo.

Reversed and remanded.