**Doyle J. BRECH, Sr., Petitioner,**

v.

**Don R. ERICKSON, as the duly appointed and acting Warden of the South Dakota State Penitentiary, Respondent.**

**Civ. No. 71–47W.**

United States District Court,
D. South Dakota, W. D.

Aug. 23, 1972.

Woods, Fuller, Shultz & Smith by John Simko, Sioux Falls, S. D., for petitioner.

Gordon Mydland, Atty. Gen. for the State of S. D., by Walter W. Andre, Asst. Atty. Gen., Pierre, S. D., for respondent.

## DECISION AND ORDER

BECK, District Judge.

This writ is on the theory that the petitioner on the first degree manslaughter charge against him in the state court on April 17, 1964, as he answered "Yes" did not actually plead guilty, but if he did that it was not entered voluntarily, not with an understanding of the proceedings or elements of the offense as they applied to the circumstances, that his detention is unlawful, illegal and void, due process guaranteed by Amendments 5 and 14 to the Constitution of the United States not having been observed and the sentencing court not within its jurisdiction as the sentence was imposed.

Those contentions are established, he claims, under that part of the state court records which is as follows:

"THE COURT: You're not guilty of murder?

DEFENDANT: No.

THE COURT: Enter his plea of not guilty to murder of Betty Veronica Brech as of the 7th day of November, 1963. Now, Mr. Brech, included within the crime of murder is a lesser crime known as manslaughter in the first degree. I'll ask you now, are you guilty or not guilty of manslaughter in the first degree? You have to answer that.

DEFENDANT: Yes."

There was no challenge in the state court of that answer actually having been his plea of guilty or of that import not having been understood or of it not being voluntary, or of he having been mislead or deprived of any other right, except as they were injected into a 1967 state post conviction proceeding with his

asked for relief then denied and later made final on appeal in State v. Brech, S.D., 84 S.D. 177, 169 N.W.2d 242, (1969).

Accordingly a situation here of all available state remedies having been exhausted, the petitioner's only remedies in this court are those available under the provisions of 28 U.S.C.A. § 2254.

Determinations of factual issues in state court proceedings and before the court under that section of Title 28 and its subsections (1), (2), (3), (4), (5), (6), (7) and (8) are presumed to be correct, except as it shall otherwise appear under (d) (1–8) with the burden on a petitioner "to establish by convincing evidence that the factual determination by the State court was erroneous."

With those determinations on this writ being here for review, the court finds that the petitioner at the time of his arraignment with skilled and experienced counsel, constantly present to protect, direct and advise, elected on "Yes" as his way of saying "Guilty" to the crime of manslaughter in the first degree, knowing and understanding that it meant "Guilty", that a forty-year sentence would be imposed and that he by that answer would escape the then pending murder charge against him for his shooting and killing of his nineteen-year old daughter, Betty, on November 7, 1963.

Equally decisive against the petitioner, as the court also finds, is the sufficiency of the evidence to sustain all other proceedings in the state court, including constitutional rights and all others then urged and herein sought to be reviewed.

The controlling rule covering this situation is in Judge Lay's comment in Langdeau v. State of South Dakota, 446 F.2d 507 (8 Cir. 1971), that:

"Many considerations may influence a defendant to plead guilty. However, these influences cannot serve to set aside a guilty plea made where counsel is present and the defendant is shown to be capable of making a deliberate and knowing decision. We cannot say that there did not exist sufficient facts to support the state trial court's, and the federal district judge's, finding that the plea was voluntarily made."

Another one fittingly to be applied is in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), where it is said:

"Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt. Here the State had a strong case of first-degree murder against Alford. Whether he realized or disbelieved his guilt, he insisted on his plea because in his view he had absolutely nothing to gain by a trial and much to gain by pleading. Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired. Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30-year term. When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, see McCarthy v. United States, supra, 394 U.S., [459,] at 466–467, 89 S.Ct. [1166,] at 1170–1171 [22 L.Ed. 2d 418] (1969), its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did

not commit constitutional error in accepting it."

"Relying on United States v. Jackson, supra, Alford now argues in effect that the State should not have allowed him this choice but should have insisted on proving him guilty of murder in the first degree. The States in their wisdom may take this course by statute or otherwise and may prohibit the practice of accepting pleas to lesser included offenses under any circumstances. But this is not the mandate of the Fourteenth Amendment and the Bill of Rights. *The prohibitions against involuntary or unintelligent pleas should not be relaxed, but neither should an exercise in arid logic render those constitutional guarantees counterproductive and put in jeopardy the very human values they were meant to preserve."* (Emphasis supplied)

Accordingly, it is held that the application for the writ is frivolous and without merit and that it should be and is hereby denied.