**STATE of North Dakota, Plaintiff-Respondent,**

v.

**Vernon Dale WESTER, Defendant-Applicant.**

Cr. No. 435.

Supreme Court of North Dakota.

Jan. 31, 1973.

Robert O. Wefald, Bismarck, for defendant-applicant.

Thomas F. Kelsch, State's Atty., and Dennis A. Schneider, Asst. State's Atty., for plaintiff-respondent.

ERICKSTAD, Judge.

On December 10, 1971, Vernon Dale Wester was sentenced in the district court of Burleigh County to imprisonment in the State Penitentiary for a term of three years, commencing at twelve o'clock noon on that day, with credit to be given for 88 days previously spent in custody and confinement.

Thereafter, Mr. Wester filed with the trial court the following: an application for a post-conviction hearing on April 19, 1972; an application for a writ of habeas corpus on May 19, 1972; a supplementary application for a post-conviction hearing on May 27, 1972; and an application for a writ of habeas corpus on June 14, 1972. All applications were heard and decided against Mr. Wester on June 27, 1972. Written orders quashing the writ of habeas corpus issued on the one application and denying post-conviction relief were executed by the court on the 26th of October 1972.

Mr. Wester has now filed with this court an application for a writ of habeas corpus in which he states that he is being confined in the penitentiary "contrary to law in that he was never allowed to enter a plea of either not guilty or guilty nor any other plea in this action and that he was convicted without entering a plea".

A review of the record discloses that the trial court did not ask for a plea, that Wester did not enter a plea either orally or in writing, and that his counsel did not enter a plea for him.

How could a person be sentenced and imprisoned in the State Penitentiary under such circumstances? The record discloses how this occurred.

On August 31, 1971, the trial court attempted to arraign five different defendants on five different charges. These five defendants, in addition to four others who were to be arraigned shortly thereafter, were all represented by Mr. Kent Higgins, the public defender.

The court first had the five defendants identify themselves by name. Thereafter, Mr. Dennis Schneider, the assistant State's attorney, filed separate informations and gave to each of the defendants a copy of the information which contained the charge against him. The court then established by inquiry of each of the defendants whether they were satisfied with their counsel, Mr. Higgins, to which they each replied in the affirmative. After the court had informed the group of their statutory and constitutional rights, counsel for the defendants informed the court that he thought that all of the defendants "would be prepared to waive the reading of the informations inasmuch as they each had a copy".

The court then informed the defendant Robert K. Cole of the charge against him and asked him for his plea. Cole entered the oral plea of guilty. Thereafter, the court, Mr. Schneider and Mr. Higgins each in turn asked the defendant Cole a number of questions, apparently to help the court in determining whether it would accept the plea, inasmuch as sentencing was to be postponed and to follow a later presentencing hearing as requested by Mr. Higgins.

Defendant Frances Ellison was then asked by the court if she wished to enter her plea at that time. Counsel Higgins asked that the court defer the entry of a plea on Mrs. Ellison's part until such time as "they could be prepared to proceed with the presentencing hearing". When the court granted this request, counsel Higgins made a similar request for deferment of the entry of the plea on the part of the other three defendants.

On September 15, 1971, Mr. Wester was brought before the court, at which time the following colloquy took place.

"THE COURT: I believe the situation in Mr. Wester's case is we had gotten through the plea of guilty?

"MR. HIGGINS: I think not, your Honor. Mr. Wester has not taken the stand. I think the situation is the same as the other cases, he entered an oral plea of guilty but the Court has not accepted the plea formally."

It is obvious that both the court and counsel were in error, for the defendant had not been asked to enter a plea nor had he entered one.

Following the foregoing colloquy the court asked Wester to take the stand and after being sworn to testify to the truth, Wester was examined concerning the circumstances surrounding the charge of obtaining money and property by false pretenses, first by his counsel, then by the assistant State's attorney, and finally by the court.

At the conclusion of this examination, which covers approximately twenty pages of the transcript, the court said:

"For the record, the defendant's plea of guilty to the crime charged is accepted and the Clerk is directed to record and make an entry of such plea."

Pursuant to the recommendations of the assistant State's attorney and counsel for the defendant, the court deferred imposition of sentence.

In the order deferring imposition of sentence dated September 15, 1971, the court imposed certain conditions, the pertinent condition being 3(d) thereof, which prohibited the defendant from leaving the state prior to the expiration of the probationary period without permission of the court or the board of pardons.

On December 10, 1971, the State, through the assistant State's attorney of Burleigh County, filed an amended application with the district court which requested a hearing and demanded a revocation of the order deferring the imposition of sentence, on the ground that the defendant left the state in the month of October 1971 without permission of the court or the board of pardons.

At the commencement of the hearing, in the presence of the defendant, the public defender informed the court that the defendant admitted all of the allegations incorporated in paragraphs 1, 2, and 3 of the amended application.

Paragraph 1 asserted that on September 15, 1971, the defendant pleaded guilty to the crime of obtaining money by false pretenses, and that on that date the court entered an order deferring imposition of sentence for a period of four years.

Paragraph 2 asserted that paragraph 3 (d) of the order prohibited the defendant from leaving the state of North Dakota prior to the expiration of the probationary period without permission of the court or the board of pardons.

Paragraph 3 asserted that the defendant during the month of October 1971 left the state without permission of the court or the board of pardons.

When the defendant was given an opportunity to explain his conduct, he said: "I know I am guilty of the offense and I am supposed to be sentenced because I violated—when you gave me a deferred imposition of sentence you were placing some of your faith in my character and I violated it and I knew what the consequences were going to be——"

When, near the end of the hearing, Wester was asked if he had any legal cause to show why judgment should not be pronounced against him, he answered, "No, sir." The court then sentenced Wester to the State Penitentiary for a period of three years, with credit to be given him for the 88 days during which he was in custody prior to the deferment order.

On June 27, 1972, when the applications for writs of habeas corpus and the application for a post-conviction hearing were heard, the court informed Wester that it had read the transcripts and, summarizing the conclusions it derived therefrom, it said: "[T]hey indicate that you had a hearing, that you entered a plea, and that you were given a deferred, I believe, sentence at that time, were you not?" In response thereto, Wester said, "Yes, sir."

Later, when he was told by the court that he entered a plea on September 15, 1971, he responded, "Yes." Still later during the hearing when he was asked by the State's attorney as to whether he entered a plea of guilty, he again answered, "Yes." He stated that he knew he was to receive a deferred sentence, but didn't know the length of deferment. Later in the same hearing, State's attorney Thomas Kelsch, making a statement to the court, asserted that Wester had knowingly and voluntarily pleaded to the charges.

It was near the close of this hearing that Mr. Jack Christensen, who was now representing Wester through appointment of the court, asserted that Wester had not entered a plea at the time of arraignment or at the time of sentencing or at any other time. He asked that the applications be amended to so state.

In ruling against Wester, the court informed him that he might renew his application for a writ of habeas corpus before the supreme court, or that he might appeal the denial of post-conviction relief to the supreme court.

Wester has now filed an application for a writ of habeas corpus in our court. In support thereof he asserts that in the absence of a plea in criminal proceedings there can be no valid trial, no valid conviction, and no valid sentence.

He refers us to four decisions which he asserts uphold this rule. They are Chesnut v. State, 35 Ala.App. 376, 47 So.2d 248 (1950), rule reaffirmed by Strong v. State,

47 Ala.App. 238, 252 So.2d 659 (1971); People v. Shoffner, 400 Ill. 174, 79 N.E.2d 200 (1948), with rule being applied in People v. Snively, 11 Ill.App.2d 579, 138 N.E. 2d 112 (1956); Lumsden v. State, 384 S.W. 2d 143 (Tex.Cr.App.1964), rule affirmed in Willis v. State, 389 S.W.2d 464 (Tex. Cr.App.1965); and People v. Sturdy, 235 Cal.App.2d 306, 45 Cal.Rptr. 203 at 206, 207 (1965).

In *Chesnut*, defense counsel drew to the attention of the court the fact that the defendant had not been arraigned, that consequently no plea was interposed by him or entered for him. Notwithstanding that the case was submitted to the jury by the court and the jury returned a verdict of guilty, upon appeal to the supreme court of Alabama that court reversed, saying:

> "There can be no trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him by the court * * *" Chesnut v. State, *supra*, 47 So.2d 248.

In *Strong*, the defendant was charged with having committed the crime of murder in the first degree. He was tried and convicted thereof and sentenced to death. On examining the record on appeal, the court of criminal appeals of Alabama found no evidence that a plea had been entered either by the defendant or by the court. Accordingly, it reversed the judgment and remanded. It applied the same rule in this decision in 1971 that it applied in *Chesnut* in 1950.

In *Shoffner*, a per curiam opinion of the supreme court of Illinois, that court said:

> "If the record shows that what was done amounted in substance to an arraignment, it is sufficient. Parkinson v. People, 135 Ill. 401, 25 N.E. 764, 10 L.R.A. 91. However, if a case is to be tried before a judge or jury, there must be a plea, for in the absence of same no issue is raised. If the accused pleads guilty the record must show such plea, for without it a judgment of conviction can-

not be sustained." People v. Shoffner, *supra*, 79 N.E.2d 200, 201.

In reviewing the record, the court found that the defendant was properly arraigned, notwithstanding that the record recited that arraignment was waived. The court found that the record showed that the appellant had acknowledged to the court that he had received a copy of the indictment and that he thereafter entered a plea of guilty. Accordingly, the judgment was affirmed.

In *Snively*, where the record on appeal did not disclose entry of a plea by either defendant before being placed on trial, the appellate court of Illinois reversed the conviction although the defendants had demanded a jury trial and announced themselves ready.

In *Lumsden*, after having read the criminal information to the jury, the county attorney asked the defendant: "To which how do you plead?" At that time counsel for the defendant moved to quash the information and after the motion was overruled, the State and the defendant presented evidence and closed their case without the defendant having entered a plea or one being entered for him. It was the contention of the State that, because the defendant was given the opportunity to enter a plea and did not enter one, the court exercised its right to consider no plea as a plea of not guilty. The court of criminal appeals of Texas disagreed, saying: "It is well settled in this state that a plea must be entered in every criminal case and if no plea is entered, the trial is a nullity, since there is no issue for the jury or the court." Lumsden v. State, 384 S.W.2d 143, 144 (Tex.Cr.App.1964).

In *Willis*, the State did not seek an affirmance of the conviction, because it was shown that the appellant did not enter a plea in the case. The court of criminal appeals of Texas, relying on *Lumsden*, said: "Such position is well taken, as a plea is necessary in every criminal case and where none is entered the trial is a nullity."

Willis v. State, 389 S.W.2d 464 (Tex.Cr. App.1965).

In *Sturdy*, a situation somewhat similar to the situation in the instant case, the district court of appeals of California said:

"Although the transcript reveals that defendant stated 'I'd like to be sentenced now. I am guilty of the charge,' this statement was made not in response to the trial court's asking him whether he was pleading guilty or not guilty, but rather in response to the court's question as to whether defendant wanted the court to appoint an attorney or whether he wanted to be sentenced at that time. A defendant's expression of guilt, in order to constitute a plea of guilty, must be made in response to a question by the court as to how the defendant pleads and must be couched in language indicating that the defendant is formally making a plea rather than merely making an informal and spontaneous statement as to his guilt." People v. Sturdy, *supra*, 45 Cal.Rptr. 203, 206, 207.

In addition to these citations, Mr. Wester relies principally upon four sections of our code, the pertinent parts of which follow:

"29–14–20. Plea must be made in open court—Time.—A plea must be made in open court either at the time of the arraignment or at such other time as may be allowed to the defendant for that purpose."

"29–14–21. Plea of guilty put in only by defendant—Exception.—In no case shall a plea of guilty be put in by anyone except the defendant himself, in open court, unless the defendant is a corporation, in which case it may be put in by counsel."

"12–06–01. Conviction before punishment.—The punishments prescribed by statutes can be inflicted only upon a legal conviction in a court having jurisdiction."

"32–22–17. Causes for discharge of person restrained.—If it appears on the return of the writ that the party is in custody by virtue of process from any court of this state, or any judge or officer thereof, such person may be discharged in any of the following cases, subject to the restrictions of section 32–22–02:

\*　　\*　　\*　　\*　　\*　　\*

"3. When the process is defective in some matter of substance required by law rendering such process void;

\*　\*　\*"

The State contends that there has been sufficient substantial compliance with the arraignment and plea statutes to show that the defendant intended to and did enter a plea of guilty. It draws our attention to Section 29–13–09, N.D.C.C., which reads:

"Failure to arraign and irregularity of arraignment.—Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding in a cause if the defendant pleads to the indictment or information or proceeds to trial without objecting to such failure or irregularity."

It attempts to discount Wester's citations to the Alabama, Illinois, and Texas decisions on the ground that those decisions do not disclose that those states had statutes similar to ours.

The State acknowledges that the State of California has similar statutes and that People v. Sturdy, *supra*, construes those statutes, but states that *Sturdy* must be read within its own context and particularly as it pertains to precedents that existed in California at that time.

We have read the precedents recited in *Sturdy* and alluded to by the State and do not find them to be a cause for not applying *Sturdy* to the instant case.

The State relies upon State v. Brech, 84 S.D. 177, 169 N.W.2d 242 (1969); Brech v. Erickson, D.C., 346 F.Supp. 1263; Parrott v. Haugh, 158 N.W.2d 766 (Iowa 1966); Herold v. Haugh, 259 Iowa 667, 145 N.W.2d 657 (1966); State v. Gruver, 260 Iowa 131, 148 N.W.2d 405 (1967); State v. Hellickson, 162 N.W.2d 390 (Iowa 1968); Mayes v. United States, 8 Cir., Ark., 177 F.2d 505 (1949); and State ex rel. Rajala v. Rigg, 257 Minn. 372, 101 N.W.2d 608 (1960).

Let us analyze those decisions.

In *Brech*, the defendant was charged with murder. The record on arraignment follows:

"The Court: \* \* \* Now, Mr. Brech, included within the crime of murder is a lesser crime known as manslaughter in the first degree. I'll ask you now, are you guilty or not guilty of manslaughter in the first degree? You have to answer that.

"Defendant: Yes.

"The Court: You're guilty of manslaughter in the first degree—enter his plea of guilty to manslaughter in the first degree." State v. Brech, *supra*, 169 N.W. 2d 242, footnote 1, 247, 248.

Actually, the answer was not complete and thus its meaning is not clear, but because the defendant failed to further clarify his answer or respond when the court paused in its statement between the words "degree" and "enter", the court assumed the defendant had entered a plea of guilty. This followed a session of plea bargaining, which is apparent from a reading of the opinion.

The United States district court for South Dakota reached the same conclusion as the supreme court of the State of South Dakota in a hearing on an application for a writ of habeas corpus in its decision of August 23, 1972. We find nothing therein additionally significant in our consideration of this case.

In *Parrott*, the supreme court of Iowa in denying the writ said:

"We find no merit in petitioner's assertion his plea failed to comply with section 777.12. He acknowledged in open court while assisted by counsel that he knowingly and intelligently signed the written plea. He at no time voiced disapproval or dissatisfaction with the plea. He waived time for pronouncement of sentence which was then imposed. Such an acknowledgment in open court in the presence of his attorney is tantamount to an open court plea as required by section 777.12. Minor deviations from statutory procedure do not amount to a denial of due process entitling petitioner to relief in a collateral proceeding such as habeas corpus." Parrott v. Haugh, 158 N.W.2d 766 (Iowa 1966).

In *Herold*, the supreme court of Iowa, relying on the record made on an application for a writ of habeas corpus before the trial court, concluded that where the petitioner's attorney in the presence of the petitioner informed the court that the petitioner wished to change his plea from not guilty to guilty, the court then proceeded to sentence the defendant, no violation of due process occurred, and that the procedure, although not constituting a literal compliance with the Iowa statute, which requires that the defendant personally enter his plea, constituted a sufficient compliance with the statute. The Iowa court cited with approval the following from Mayes v. United States, 8 Cir., Ark., 177 F.2d 505, 507 (1949).

" * * * it can no longer be said that mere failure to comply with precise ceremonial or verbal formality in respect to arraignment and entry of a plea is a denial of due process [of law] for which conviction must be set aside." Herold v. Haugh, 259 Iowa 667, 145 N.W.2d 657, 661 (1966).

In State v. Gruver, 260 Iowa 131, 148 N.W.2d 405 (1967), prior to entering an oral plea of guilty in open court, the de-

fendant had in the presence of his attorney signed a written plea of guilty. In this the Iowa supreme court found no prejudicial error.

In *Hellickson*, when "defendant appeared in court with retained counsel, waived arraignment, time to plead, and for sentence, then entered a written plea of guilty to the offense charged", the supreme court sustained the lower court in its denial of the defendant's motion in arrest of judgment and his petition for permission to withdraw his plea of guilty and enter a plea of not guilty. State v. Hellickson, 162 N.W.2d 390 (Iowa 1968).

In *Rajala*, the relator contended that the proceedings were in contravention of the Minnesota Constitution, the United States Constitution, and two statutes similar to ours on the taking of pleas. The issue as framed by the Minnesota supreme court was whether the relator was deprived of his constitutional rights and the court of its jurisdiction by the plea's being received by the court from the words of relator's counsel, in relator's presence, rather than directly from relator's own lips.

In deciding that the relator was not deprived of his constitutional rights and the court of its jurisdiction, the supreme court quoted with approval from United States v. Denniston, 2 Cir., 89 F.2d 696, 698, 110 A.L.R. 1296, 1299 (1937), which was an appeal and not a habeas corpus proceeding, as follows:

" 'And what was said in Garland v. State of Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772, in overruling Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097, as to compliance with ancient formality in respect to arraignment, seems a clear guide to decision on the point now before us. *Let the accused be actually present in the court of competent jurisdiction; let the circumstances show clearly that he knew and understood what was being done; let it be made clear that he acquiesced in a plea of guilty then entered for him by his attorney and the*

*plea should have exactly the same force and effect as though he had spoken himself in the words of the attorney.* So we hold the plea of guilty valid.' (Italics supplied.)" State ex rel. Rajala v. Rigg, 257 Minn. 372, 101 N.W.2d 608, 612, 613 (1960).

The pertinent Minnesota statutes follow:

"Section 630.29 provides:

" 'A plea of guilty can in no case be put in except by the defendant himself in open court, unless upon an indictment against a corporation, in which case it may be put in by counsel. At any time before judgment the court may permit it to be withdrawn and a plea of not guilty substituted.'

"Section 611.03 provides:

" 'No person indicted for any offense shall be convicted thereof, unless by admitting the truth of the charge in his demurrer, or plea, by confession in open court, or by verdict of a jury, accepted and recorded by the court.' "

State ex rel. Rajala v. Rigg, *supra*, 101 N.W.2d 608, 610.

In concluding that Section 630.29 was directory and not mandatory, the court said:

"M.S.A. § 630.29 does not indicate that unless a plea of guilty is made in open court by the defendant himself there is no basis for a judgment of conviction. One of the roles of counsel is to speak for his client before the courts. Did the legislature in enacting § 630.29 intend that counsel for defendant in a criminal action could not speak for his client in entering a plea either of guilty or not guilty where the statute does not specifically say 'by defendant himself and not by counsel'? Of course, the plea of guilty entered by the defendant himself in his own words may be more direct evidence of guilt than the same plea spoken to the court by his attorney. But the statute does not state the consequences (if any were intended)

when counsel for the defendant enters the plea on his behalf and in his presence. The statute says that any time before judgment the court may permit the plea to be withdrawn and a plea of not guilty substituted.

\*     \*     \*     \*     \*     \*

"We conclude that the provisions of § 630.29 here in question are directory and not mandatory, involving jurisdiction, and that the presence of the defendant, whether represented by counsel or not, is the requirement vital to compliance with the statute." State ex rel. Rajala v. Rigg, *supra*, 101 N.W.2d 608, 613.

In State ex rel. Kons v. Tahash, *infra*, counsel for the defendant, in the presence of the defendant, entered a plea of guilty on behalf of the defendant. The court said:

" \*   \*   \* we hold that the procedural deficiencies do not require a reversal. Defendant was present and heard the plea of guilty entered. His attorney stated he was prepared to plead and relator did not demur. Before sentence was pronounced, he was given an opportunity to speak." State ex rel. Kons v. Tahash, 281 Minn. 467, 161 N.W.2d 826, 832 (1968).

Notwithstanding that the court quoted from and seemingly approved Section 1.1 and The Commentary, § 1.1(a), The American Bar Association, Standards Relating to Pleas of Guilty, which recommend that the defendant enter personally his plea in open court for the reason that it avoids the difficult problem for appellate courts of determining whether the defendant actually acquiesced to the plea entered by counsel, the court found no basis for granting the petitioner relief, the petitioner not having contended that he misunderstood what transpired. The pertinent provisions of the Standards with Commentary follow:

"A plea of guilty or nolo contendere should be received only from the defendant himself in open court, except when the defendant is a corporation, in which

case the plea may be entered by counsel or a corporate officer." p. 13.

"At common law, an attorney for the defendant could not plead guilty for the defendant, even when the defendant stood by in apparent acquiescence. ORFIELD, CRIMINAL PROCEDURE FROM ARREST TO APPEAL 294 (1947). The Advisory Committee prefers the latter rule because it avoids the difficult problem for appellate courts of determining whether, by his silence or some other conduct, the defendant actually acquiesced to the plea entered by counsel. See cases in Annot., 110 A.L.R. 1300 (1957)." p. 14. The American Bar Association, Standards Relating to Pleas of Guilty.

Judge Murrah, speaking for the United States Court of Appeals for the Tenth Circuit, in 1948, expressed the following view in Merritt v. Hunter:

"Due process does not require that one charged with a criminal offense shall be called upon to plead in his own behalf when he is represented by counsel who undertakes to act for him. Especially is this true, when as here, it is shown that the petitioner understood the charge against him, the nature and consequence of the plea in his behalf, and no prejudice is shown. See Garland v. State of Washington, 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772; United States v. Denniston, 2 Cir., 89 F.2d 696, 110 A.L.R. 1296, certiorari denied 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362; Annotation 110 A.L.R. 1300." Merritt v. Hunter, 170 F.2d 739, 741 (1948).

In that case the petitioner attempted to invoke Rule 10 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which reads:

"Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. He shall be given a copy of the indictment or information before he is called upon to plead."

The petitioner contended that failure to call upon him to plead out of his own mouth deprived the court of jurisdiction to impose the sentence.

The circuit court disagreed, saying:

"Obviously, arraignment in accordance with Rule 10 is intended to be a safeguard for due process—a pattern for a fair hearing. It is only when failure to observe this safeguard amounts to denial of due process, that the court is deprived of jurisdiction. The fair administration of criminal justice does not depend upon any such procedural niceties. See Garland v. State of Washington, supra [232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772]; United States v. Denniston, supra [89 F.2d 696].

"Undoubtedly, arraignment can be competently and intelligently waived, as any other safeguard—it was waived in this case, and the judgment should be affirmed." Merritt v. Hunter, 10 Cir., 170 F.2d 739, 741 (1948).

The court of appeals of New York followed this rule in People v. Sadness, 300 N.Y. 69, 89 N.E.2d 188 at 189 (1950).

This view was followed as recently as January 20, 1971, by the court of criminal appeals of Texas in Alonzo v. Texas, 462 S.W.2d 603 at 604, although the court therein conceded that it would have been a better practice to have required a personal plea by the defendant.

The supreme court of Kansas in a 1964 decision, Kansas having no statutes similar to ours, although conceding that it would have been a better practice to have required the defendant to personally enter his plea of guilty or to orally affirm the plea made by his counsel, concluded that when the plea was entered by counsel under the circumstances therein present, the plea of guilty was not void.

■ It has become obvious to us as we have studied the cases cited by the parties and countless other decisions not referred to us that we are confronted with a unique situation when because of the confusion on the part of all concerned, including trial judge, prosecuting attorney, defense attorney, and defendant, no plea of guilty, either oral or in writing, was entered by the defendant or his counsel, and no plea was asked for by the judge or the prosecuting attorney. Without at least a request for a plea, it is impossible to presume that a plea has been entered.

At the commencement of the arraignment proceedings, the trial court commented:

"Now I suppose we are going to make mistakes here because we are trying to do this in a group session—mistakes as to when things will be done, but it won't really make any difference."

Mistakes were made and confusion reigned.

■ To avoid such a situation in the future, we recommend that the trial court arraign individuals charged with different offenses separately, that the court ask each defendant in open court how he pleads to the specific offense for which he is charged, that the court require each defendant to enter his plea orally in open court and in the presence of his counsel, unless counsel is waived, and that these proceedings be recorded verbatim by the court reporter, all of which should precede any questions being asked of the defendant concerning his part in the offense charged, notwithstanding that all parties assume that a plea of guilty is to be entered pursuant to plea bargaining.

Until such time as this court shall have adopted Rules of Criminal Procedure, which, incidentally, this court will be asked to do within the year, we recommend that the trial courts follow to the extent possible under our present statutes the Standards Relating to Pleas of Guilty, of the American Bar Association Project on Minimum Standards for Criminal Justice.

■ We conclude in accord with the view expressed by the California court in *Sturdy* that when no plea is taken and judgment is pronounced on the theory that a guilty plea has been entered, the judgment is a nullity and, therefore, void. People v. Sturdy, 235 Cal.App.2d 306, 45 Cal.Rptr. 203 (1965).

Accordingly, we reverse the judgment and sentence of the district court, and order the warden of the State Penitentiary to release the defendant into the custody of the sheriff of Burleigh County, to be held to stand trial on the charge to which we have today held that he has not entered a plea. Bond pending trial shall be set by the district court in such amount and upon such conditions as it shall reasonably deem necessary.

Judgment and sentence reversed and applicant remanded to custody of Sheriff pending trial.

PAULSON, J., concurs.

STRUTZ, Chief Justice.

While I do not believe it is the function of this court to make recommendations as to what procedure to follow in criminal arraignments, I do concur with the result reached and in the syllabus.

TEIGEN, Justice.

I agree with the special concurrence of the Chief Justice, however I believe the majority should eliminate the last phrase of syllabus number four.

KNUDSON, J., concurs.