**Manuel HEREDIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46706.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Rehearing Denied May 1, 1973.

Lamoine Holland, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon Armstrong and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for possession of heroin; the punishment 10 years imprisonment.

The appellant waived a jury and entered a plea of guilty before the court. He now urges that under the provisions of Article 1.15, Vernon's Ann.C.C.P. the evidence is insufficient to support the conviction.

Our attention is directed to a space in the form of the written stipulation entered into by the appellant. It has been completed in illegible hand writing which the appellant claims reads, "Possession of Heredia," rather than "possession of heroin." Even if the appellant is correct it is a mere clerical error. Cf. Hicks v. State, 476 S.W.2d 671 (Tex.Cr.App.1972). Regardless of the wording complained of, the appellant's judicial confession reads in part, that he is ". . . the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in said indictment . . . are true and correct . . ." The indictment correctly alleged the offense. The judicial confession is sufficient. Alonzo v. State, 462 S.W.2d 603 (Tex.Cr.App.1971);

Sweeten v. State, 479 S.W.2d 297 (Tex.Cr. App.1972) and Johnson v. State, 478 S.W.2d 954 (Tex.Cr.App.1972).

Furthermore, the appellant stipulated to evidence other than his judicial confession sufficient to sustain the conviction. Johnson v. State, supra.

The judgment is affirmed.

Opinion approved by the Court.