Certiorari was granted to resolve an apparent conflict between the holding of the court below in this instance and the decisions of Rorex v. State, 44 Ala. App. 112, 203 So.2d 294
(1967) and Chesnut v. State, 35 Ala. App. 376, 47 So.2d 248
(1950).
The facts are all stated in the opinion of the Court of Criminal Appeals, 428 So.2d 136. In his petition to us the petitioner makes two contentions: (1) that it was error to arraign him after the evidence had been presented and (2) that the jury separated in violation of Code of Ala. 1975, §12-16-9, thus entitling him to a new trial. We find no such error.
In deference to petitioner's first point, there is dictum inChesnut at 376, 47 So.2d 248 which was quoted in Rorex that "there can be no trial on the merits until the defendant has pleaded not guilty or this plea has been entered for him by the court." A number of decisions of this Court were cited for the proposition; however, in each of those cases no arraignment took place at all. The question, then, is whether the tardy but formal arraignment was sufficient in law. We hold that it was sufficient and thus neither Rorex nor Chesnut applies to these facts. Indeed, the petitioner was tried on the theory that he had formally pleaded not guilty, which was the plea he in fact entered at his formal arraignment. Thus, he has been given an opportunity to traverse by pleading and proof. Carr v. State,43 Ala. App. 481, 192 So.2d 741 (1966). Cf. United States v.Rogers, 469 F.2d 1317 (1972) (where no apparent prejudice due to absence of formal arraignment, conviction not due to be vacated).
On petitioner's second point, we find that the statements of the Court of Criminal Appeals are supported by the record.
Accordingly, the decision of the Court of Criminal Appeals must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.